D. GHIRADELLI *v.* JOHN L. BOURLAND *et als.*

MISJOINDER OF CAUSES OF ACTION.—If the complaint in an action against a Sheriff and his official bondsmen alleges only a cause of action against him as a trespasser, and against his sureties as signers of the bond, and not otherwise, there is a misjoinder of causes of action.

COMPLAINT ON SHERIFF'S BOND.—A complaint in an action against a Sheriff and his sureties for an alleged trespass of the Sheriff, which avers that the other defendants than the Sheriff are the securities on his official bond, does not state a cause of action against the Sheriff on the bond.

IDEM.—A complaint in an action against a Sheriff and his sureties for an alleged trespass of the Sheriff, which merely avers that the sureties are the securities on his official bond, and that the same was duly filed, executed and recorded, does not state a cause of action on the bond.

IDEM.—A complaint in an action against a Sheriff and his sureties for an alleged trespass of the Sheriff, should allege that the bond was the Sheriff's official bond, and set out enough of its contents to show that those who signed it were bound to indemnify parties injured by the Sheriff's malfeasance.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

The following is a copy of the material portion of the complaint in this action:

" And for cause of complaint the said plaintiff avers that heretofore, to wit: on the 17th day of August, A. D. 1866, at the City of Sonora, County and State first aforesaid, he was the owner of and in the quiet and peaceable possession of a certain stock of goods, wares and merchandise, as well also machinery and tools for the manufacture of syrup, in all of the value of about twenty-five hundred dollars lawful money of the United States (a schedule of said articles with their values being hereunto attached and made part of this complaint.)

74

" That being so the owner, and in the possession of said property at, etc., aforesaid, the said defendant, John L. Bourland, then and still being the Sheriff of said county, by virtue of certain alleged legal process not against this plaintiff, forcibly, wrongfully, and against the will of plaintiff, took and converted said property, to the great damage of plaintiff, to wit: his damage three thousand dollars.

" And the plaintiff avers that he did, on the 18th day of August, A. D. 1866, at, etc., aforesaid, in writing demand of the said Bourland a return of said property, which demand the said Bourland refused.

" And the said plaintiff further avers that heretofore, to wit: on the 2d day of March, A. D. 1866, the said defendants, Josiah Hall, S. S. Turner, T. N. Willis, John Shaw, C. Labetoure, J. M. Gaudin, M. E. Hughes, John Hurd, John Wolfling, and H. C. Schultz, became, and ever since hath been, the securities on the official bond of the said defendant, Bourland. That said bond was duly filed, executed, and recorded in the manner prescribed by law. That by reason of the acts of the said Bourland the terms and conditions of the said bond have become and are broken, and the said defendants, the securities as aforesaid, have become, jointly with the said Bourland, liable to pay to the plaintiff the damages sustained by him as aforesaid, together with interest."

The defendants appealed from the judgment.

The other facts are stated in the opinion of the Court.

*H. P. Barber,* for Appellants.

The first question which naturally arises is whether this action sounds in tort or contract. If in tort the pleading is bad, as not showing that *any* of the defendants, except Bourland, have committed any tort. If in contract, it is equally faulty in not setting forth the bond, showing its conditions, or even alleging that it was ever signed or executed by the other defendants or Bourland at all. The second portion of the complaint is a pure suit upon *contract* against all the defend-

ants *except* Bourland, it not being even alleged that he signed
or executed the bond, though the complaint states that defend-
ants are *jointly* liable. (*Sacramento* v. *Dunlap*, 14 Cal. 421.)
The action is brought upon the supposed bond—the liability
of defendants is asserted in the complaint to be *joint*. The
complaint is faulty in not showing that *all* the defendants exe-
cuted it. (1 Ch. Pl. 44.) The bond is not set forth in the
complaint, nor is it shown what *conditions* it had. This is
undoubtedly requisite. (*Western Bank* v. *Sherwood*, 29 Barb.
383.) It is not very difficult to say what would be the judg-
ment of a common law Court on this complaint. (*Miller* v.
*Van Tassel*, 24 Cal. 458 ; *People* v. *Jackson*, 24 Cal. 630 ; *For-
rest* v. *Mayor*, etc., 13 Abb. Pr. 350 ; *Lynch* v. *Murray*, 21
How. Pr. 154.) It has *hitherto* been considered requisite in
declaring on a written instrument to set forth at least *some* of
its conditions. In the present case we find nothing except
that the co-defendants of Bourland have become securities on
his " official bond." And what were the conditions of his
" official bond ? " The rights of sureties are *strictissimi juris*,
and they are bound to no more than they have *agreed to*.
(*Tarpey* v. *Shillenberger*, 10 Cal. 390 ; *People* v. *Buster*, 11 Id.
215 ; *Schloss* v. *White*, 16 Id. 68.) What *ought* to be con-
tained in an " official bond " and what *may* be in it are two
very different things, as *Sacramento* v. *Dunlap* clearly shows.

*E. F. Hunter*, for Respondent.

I do not propose to discuss the sufficiency of the complaint
as against the defendants other than Bourland, for they having
demurred to the complaint jointly with Bourland, and a good
cause of action being sufficiently stated against him,-they, the
other defendants, are bound with him to the same degree as if
the objection came for the first time after verdict. If, how-
ever, the Court should differ with me upon this proposition,
the judgment should be affirmed as against Bourland ; and in
case of his insolvency, preserve to plaintiff his remedy upon
the official bond.

By the Court, SHAFTER, J. :

It is alleged in the complaint that the plaintiff was the owner and in possession of certain personal property particularly described ; and that the defendant Bourland, " still being Sheriff of said county, (Tuolumne,) by virtue of certain alleged legal process, not against this plaintiff, forcibly, wrongfully, and against the will of the plaintiff, took and converted said property, to the damage of the plaintiff three thousand dollars." It is further alleged that the other defendants, ten in number, on the 2d day of March, 1866, " became and ever since have been the securities on the official bond of the said defendant Bourland ; that said bond was duly filed, executed and recorded in the manner prescribed by law ; that by reason of the acts of said Bourland the terms and conditions of the said bond have become broken, and the said defendants, the securities as aforesaid, have become, jointly with the said Bourland, liable to pay to the plaintff the damages sustained by him as aforesaid, together with interest."

The complaint was demurred to on the ground of uncertainty, misjoinder of causes and want of facts. The demurrer was overruled and the defendants answered. At the trial the plaintiff recovered a verdict, and judgment was duly entered thereon.

The complaint was defective on all the grounds named in the demurrer. The defendants, other than Bourland, were charged *ex contractu* as " securities on Bourland's official bond," and not otherwise. As to Bourland, he was charged as a trespasser, and not otherwise. It is not alleged that he signed the bond, nor that the other defendants participated in the trespass. The averment that the bond was " Bourland's official bond," and that the other defendants " have become jointly liable with Bourland to pay the damages sustained by the plaintiff, as aforesaid," does not bring Bourland into contract relations with the bond, nor the other defendants into relations with the trespass. The grounds of the " joint liability " alleged are not disclosed. The " joint liability " is

but a legal conclusion, put in a form the most general and abstract. There is thus a misjoinder of causes.

Again, though the trespass is well laid against Bourland, the contract liability counted on is not well laid against the other defendants. There is not a fact stated as a ground of the liability alleged. There is no allegation that the defendants signed the bond, nor that they executed it, nor that they made it. That they were "securities" on the bond is but a conclusion, and is not issuable. But further, what may be called the facts of the bond, that is, its provisions, are set out, neither in *hæc verba* nor in words assumed by the pleader to be of equivalent import. We are told merely that the bond was the "official bond of Bourland," and that "its terms and conditions have been broken."

Further still, it does not follow that the official bond referred to was a Sheriff's bond; nor have Sheriffs' bonds any fixed scope *a priori. Non constat* but Bourland may have held some other executive office than that of Sheriff, and have given an official bond for the performance of its duties. Or, if the bond named must be understood to be a Sheriff's bond, then *non constat* that it bound those who signed it to indemnify parties injured by the Sheriff's malfeasances.

There are other points of view from which the complaint may be criticised and which the counsel of the appellants have not failed to urge; but it is not necessary to remark upon them here, for the insufficiency of the complaint is made out to our conviction on the grounds already considered.

*Judgment reversed and cause remanded, with leave to the plaintiff to amend his complaint.*

Mr. Justice RHODES did not express any opinion.