[No. 14281. Department One. — October 31, 1891.]

## DAVID ELTZROTH, RESPONDENT, v. PATRICK RYAN ET AL., APPELLANTS.

TRIAL — NOTICE OF SETTING CAUSE. — In the absence of a rule of court requiring notice by the moving party of the setting of a cause for trial, no notice is necessary.

ID. — CONSTRUCTION OF CODE — SERVICE OF NOTICE BY MAIL — TIME FOR TRIAL. — Section 1013 of the Code of Civil Procedure, respecting the time in which the other party may act where notice is served by mail, has no application where notice that a cause has been set for trial has been given by mail; and the party so notified cannot claim the time given by that section after the mailing of such notice, before a legal trial can be had.

ID. — DUTY OF NON-RESIDENT PARTY — PROCEEDINGS DURING ABSENCE. — A party to a cause must either personally or by his attorneys, whether they reside in the county where the case is to be tried or elsewhere, watch its progress, and cannot object that a proceeding is taken against him in his absence, unless it is taken through his mistake, inadvertence, surprise, or excusable neglect.

ID. — SPECIAL APPEARANCE — MOTION FOR CO1 [T]NUANCE — NON-APPEARANCE AT TRIAL — WAIVER OF FINDINGS. — Wh e, upon the day set for the trial of a cause, an attorney appeared for th defendant only for the special purpose of moving for a continuance, ¿ d then withdrew from the case, and the judgment recites that the cause ame on regularly for trial, the plaintiff appearing by his attorney, and th defendant not appearing, either in person or by his attorney, and there waiving findings in the cause, the judgment will not be reversed be use of the failure of the court to make findings.

ID. — CONTINUANCE — ILLNESS OF ATTORNEY — CO ITION — PAYMENT OF COSTS. — Although a reasonable continuance of a use should be granted by the trial court upon motion, where an atto: y is prevented from being present at the time set for trial because sudden illness, yet where the court, in the exercise of its discretion, m es the payment of

costs occasioned by the postponement a condition of granting the same, and the party asking the continuance does not accept the condition, and states that he is not prepared to pay the costs of the continuance, the refusal of the court to grant the motion is not ground for reversal of a judgment against him.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*Welles Whitmore,* and *David Stoddart,* for Appellants.

*Lamberson & Taylor,* and *Charles G. Lamberson,* for Respondent.

BELCHER, C.— The plaintiff brought this action against Patrick Ryan and J. H. Wythe to quiet his title to a quarter-section of land in Tulare County. The defendants answered separately. The case as against Wythe was tried, and judgment rendered for the plaintiff. From that judgment, and an order refusing a new trial, an appeal was taken to this court, where the judgment and order were affirmed. (*Eltzroth* v. *Ryan,* 89 Cal. 135.) The case as against Ryan was, on the fourth day of March, 1889, set down for trial on the thirteenth day of that month. Ryan resided at Portland, Oregon, and his attorney at Oakland, in this state. The attorney received notice on the 7th of the month that the case had been set for trial on the 13th, and immediately telegraphed his client to that effect. The defendant started for Oakland, and arrived there on the 10th, which was Sunday. On the next day he saw his attorney, and then for the first time learned that he was too sick to attend the trial at the time set for it. He advised with his attorney as to the best course to pursue, and attempted to procure other counsel in Oakland to go with him to Visalia, and try the case, but was unable to do so. The attorney and his attending physician then made affidavits showing the attorney's sickness and inability to be present at the trial, and that there was not sufficient time to engage other counsel to conduct it, and also

that the attorney was familiar with all the facts of the case, and believed that his client had a meritorious defense. These affidavits were given to defendant, and he then started for Visalia, where he arrived on the 12th. Immediately on his arrival he consulted E. O. Larkins, an attorney at law residing there, and engaged him to appear in court the next day and move for a continuance.

When the case was called on the 13th, Larkins appeared, and moved for a continuance on the affidavits which defendant had brought from Oakland. The court asked the attorney if his client was prepared to pay the costs of the continuance, and he answered that he was not. The court then denied the motion, and Larkins withdrew from the case. The trial was thereupon commenced, and after the introduction of oral and documentary evidence by the plaintiff, the cause was submitted and judgment rendered in his favor, but no findings were filed.

The defendant moved for a new trial, upon a bill of exceptions and upon new affidavits made by himself and his attorney, setting up, among other things, that after defendant arrived in Visalia he had not sufficient time to procure the attendance of his witnesses or familiarize Larkins or any attorney with the facts of the case.

The court denied the motion, and the defendant appeals from the judgment and order.

All the points urged for a reversal of the judgment, except three, were decided against appellants' contention on Wythe's appeal. The three remaining points are: 1. That defendant's attorney had no sufficient notice that the case had been set for trial; 2. That the court erred in not making and filing findings of fact and its conclusions of law therefrom; and 3. That the court erred in not granting defendant's motion for a continuance.

1. It is claimed that the attorney for defendant was notified that the case had been set for trial by a letter written by the attorney for plaintiff, and sent by mail from Visalia to Oakland; that the distance between the

two places being 260 miles, he was entitled, under section 1013 of the Code of Civil Procedure, to twenty-one days' notice, commencing with the time the letter was deposited in the post-office at Visalia, before a legal trial could be had; and that no such notice having been given, defendant was deprived of a statutory right, and thereby prevented from having a fair trial.

We do not think this position can be maintained. It does not appear from the record how or by whom the attorney was notified that the case had been set. He only states in his affidavit that he received the notice on or about March 7, 1889. But however the notice may have been given, the section of the code cited has nothing to do with it. No notice of the setting of a case for trial is required by statute. One having a lawsuit pending must, by himself or his attorney, whether they reside in the county where the case is or elsewhere, watch its progress, and he can only be heard to complain that a proceeding is taken against him in his absence, when it is taken through his mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., sec. 473.)

Ordinarily, the time when demurrers and motions may be heard, and cases set down for trial, is regulated by rules of court; and in the court below there seems to have been a rule reading as follows: "It is by the court ordered that on any Monday either party may on motion have, without notice, any case set down for trial, and dispose of any motion on file to settle the pleadings and dispose of a demurrer which has been on file three days previous to such Mondays; and for any of such purposes the opposite party is deemed to have received notice that such action would be taken."

2. It is contended that findings were not waived, and that, as no findings were filed, the judgment should be reversed. But we think the record conclusively shows that findings were waived. Section 634 of the Code of Civil Procedure provides: "Findings of fact may be waived by the several parties to an issue of fact, — 1. By failing to appear at the trial."

It appears that Larkins appeared only for the special purpose of moving for a short postponement of the trial, and that when his motion was denied, he withdrew from the case. And the judgment recites that the cause came on regularly for trial, the plaintiff appearing by his attorney, "and the said defendant Patrick Ryan not appearing, either in person or by attorney, and thereby waiving findings in said cause." The judgment cannot, therefore, be reversed on this ground.

3. Every attorney is supposed to examine the facts and study up the law of a case before he enters upon the trial of it. And where, as here, an attorney suddenly becomes sick, and is thereby prevented from being present at the time set for trial, a postponement should undoubtedly be granted for such time, at least, as will enable the litigant to procure another attorney and have him become familiar with the facts and law which he is expected to present. But under our code, whenever a postponement of a trial is asked on any ground, the court is authorized, in its discretion, to make the payment of costs occasioned by the postponement a condition of granting the same. (Code Civ. Proc., sec. 1029.)

This condition was imposed by the court below, and not accepted by the defendant. Under these circumstances, we cannot say that the refusal to grant the postponement was a reversible error.

It follows, in our opinion, that the judgment and order should be affirmed, and we so advise.

TEMPLE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.