[No. 18024. Department One. —August 18, 1892.]

FRANK DUSY, RESPONDENT, *v.* FRANK J. PRUDOM
ET AL., APPELLANTS.

VACATING JUDGMENT — EXCUSABLE NEGLECT — ABSENCE FROM TRIAL —
NOTICE OF SETTING OF CAUSE — RELIANCE UPON OPPOSING ATTORNEYS.
— It is not an abuse of discretion for the trial court to deny a motion to
vacate a judgment rendered in the absence of the parties against whom
the judgment is given, on the ground of excusable neglect, where the
application to set it aside simply shows that such parties had no notice
of the setting of the case for trial; that they relied upon the belief that
they were entitled to notice, as they were non-residents of the county;
that the rules of court specified no time for the calling of the calendar
and the setting of cases; and that the attorney for the applicant wrote
to the attorneys for the adverse party, requesting them to inform him as
soon as the cause was set; and that the parties and their attorney believed
that the request would be complied with and no advantage taken of their
absence.

ID. — DUTY OF PARTIES TO ACTION — NOTICE OF PROCEEDINGS. — Parties
to an action and their attorneys, whether residents or non-residents of
the county where the action is pending, must watch its progress, and

are charged with notice of the fact that it has been set for trial. The parties are bound to know the rules of the trial court, and if the rules fix a day for setting causes for trial, they are presumed to know the fact, and if the rules do not, they must govern themselves accordingly, and learn from the proceedings of the court when the case is to be heard.

ID. — REASONABLE OPPORTUNITY FOR TRIAL. — Parties will not be forced to trial without a reasonable opportunity to prepare therefor, and the court would abuse its discretion in refusing a continuance, or in refusing to set aside a judgment taken because of hasty action in setting a case for trial at an unreasonably early day, whereby a party has been unable to be present or to prepare for trial.

MECHANIC'S LIEN — JUDGMENT OF FORECLOSURE — NECESSITY OF LAND FOR USE OF BUILDING. — A judgment, in an action to foreclose a mechanic's lien, need not adjudge that the land directed to be sold is all necessary for the convenient use and occupation of the building, where the complaint alleges that all of the land is necessary for such purpose, and the court finds the allegation to be true.

ID. — ADJUDICATION OF OWNERSHIP OF LAND — NOTICE TO OWNER — SUBJECTION TO LIEN. — The failure of the judgment in such action to adjudge that at the commencement of the action the land belonged to the person who caused the building to be constructed, or that it was erected with his knowledge, does not render the judgment erroneous, where it is alleged and found that the defendant at whose instance the building was erected was at all times mentioned the owner and entitled to the possession of the property, and that the interests of the other defendants who claimed to have some interest therein were subsequent to the plaintiff's lien.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*A. H. Carpenter,* and *S. J. Hinds,* for Appellants.

*L. L. Cory, Church & Cory,* and *Webb & Strother,* for Respondent.

PATERSON, J. — This is an action to foreclose the lien of a material-man. The cause was commenced and determined in the superior court of Fresno County. The defendants, Frank J. and Charles Prudom, who were residents of San Joaquin County, appeared and filed an answer to the complaint on April 20, 1891. The case was tried on November 4, 1891, and a decree in favor of the plaintiff was entered on the same day. The decree recites that the defendants Prudom failed to appear at

the trial of the cause. On November 16, 1891, the defendants Prudom gave notice of an application to set aside the judgment, on the ground that it was taken against them through their mistake, inadvertence, and excusable neglect. In support of their motion, they filed an affidavit setting forth that neither they nor their attorney had any notice of the fact that the case has been set for trial until after the entry of the judgment; that they relied upon the belief that they were entitled to notice that the case had been set for trial, being non-residents of the county in which the action was pending; that the rules of the court specified no time for the calling of the calendar and the setting of the cases for trial; that in August, 1891, defendants' attorney sent a letter to the attorneys of plaintiff at Fresno, and requested them to inform him, as soon as the cause was set, of the time when it would be tried, and the defendants and their attorney believed that such request would be complied with, and that no advantage would be taken of their absence. The record does not show how long the case had been set for trial prior to November 4th.

We cannot say that the court abused its discretion in denying the motion to vacate the judgment. In *Eltzroth* v. *Ryan*, 91 Cal. 587, we held that no notice of the setting of a case for a trial is required by statute; that parties to an action and their attorneys, whether residents or non-residents of the county where the case is pending, must watch its progress, and are charged with notice of the fact that it has been set for trial. It is true, in that case it appeared that the rules of the superior court fixed a day for the calling of the calendar. They provided that either party might without notice have any case set down for trial, and that all parties would be deemed to have notice of the fact; but that circumstance is immaterial. A party is bound to know the rules of the trial court. If they fix a day for setting causes for trial, he is presumed to know the fact; and if they do not, he must govern himself accordingly, and learn from the proceedings of the court when his case is to be heard,

This rule may work hardship in some cases, and the court below should be liberal in relieving parties from judgments taken against them where they have acted without negligence and without actual notice of the time fixed for the trial; but ordinarily, a party will have no difficulty in ascertaining the day fixed for the trial. A request to the clerk, or the attorneys of his adversary, for notice of the fact will rarely be disregarded. There is nothing in the record to show that either the clerk or the attorney for plaintiff promised to notify the defendants. If such a promise had been made and relied on, the facts would present a cogent reason for setting aside the judgment taken against them. The stated rule is inconvenient and troublesome to non-resident litigants, but there is little danger that the results which counsel for appellants apprehends will follow its enforcement. Parties will not be forced to trial without a reasonable opportunity to prepare therefor. If a case has been set for trial at an unreasonably early day, and by reason thereof a party has been unable to be present or to prepare for trial, the court would abuse its discretion in refusing a continuance, or in refusing to set aside a judgment taken against him because of such hasty action.

It is claimed that the judgment should be reversed, because it directs the sale of the land described in the complaint without adjudging that it was all necessary for the convenient use and occupation of the building. In answer to this contention, it is sufficient to say that the complaint alleged that " all of said land is necessary for the convenient use and occupation of said building," and the court found this allegation to be true. It was not necessary to repeat the statement in the judgment.

It is also claimed that the judgment is erroneous, because it fails to adjudge that at the commencement of the action the land belonged to the person who caused the building to be constructed, or that it was erected with his knowledge; but here again the appellants overlook the allegation of the complaint and the findings of

the court. It is alleged in the complaint that Francis J. Prudom, at whose instance the building was erected, was at all times mentioned the owner and entitled to possession of the property, and that the other defendants claim to have some interest therein, "but the same is subsequent to the lien of plaintiff." These allegations were denied. The court found they were true.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.