[No. 18266.   Department Two.—September 8, 1894.]

# T. A. BELL, RESPONDENT, *v.* P. F. PECK ET AL., APPELLANTS.

SURETIES—ACTION ON OFFICIAL BOND—PARTIES.—An action to recover damages for a breach of the condition of the official bond of a constable, by reason of his illegal seizure and conversion of the property of the plaintiff under a writ issued against the property of third persons, is properly brought against the constable and the sureties on his official bond.

ID.—ALTERNATIVE PROVISION IN JUDGMENT—HARMLESS ERROR.—A provision in the judgment rendered in such action according the defendants the privilege of avoiding the payment of the judgment by returning the property illegally seized, conceding it to be erroneous, cannot be complained of by them.

PRACTICE—DEFAULT JUDGMENT—DISCRETION TO SET ASIDE APPEAL.—In the absence of an abuse of its discretion by the trial court the denial of a motion to vacate a judgment, on the ground that it was given through the inadvertence, surprise, and excusable neglect of the defendants and their attorney, will not be reviewed on appeal.   In the present case, under the facts stated in the opinion, there was no abuse of discretion.

ID.—ASSIGNMENT OF CASES FOR TRIAL.—The judges of the superior court in a particular county, for the convenient dispatch of business, or for any other reason they may deem necessary, may assign and transfer cases for trial to any one or more of the several departments of such court, without notice to the parties.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing to set aside the judgment.

The facts are stated in the opinion of the court.

*Stanton L. Carter*, and *Newman Jones*, for Appellants.

*E. D. Edwards*, for Respondent.

FITZGERALD, J.—This action is brought against the defendant Peck as principal, and the defendants Victor and Noble as sureties on Peck's official bond as constable, to recover damages for breach of the condition thereof "that he and said Peck would well, truly, and faithfully perform the duties of his said office during his said term."

The breach of official duty complained of is that Peck in his official capacity as constable, under and by virtue of an "attachment or execution" issued against the property of other parties, illegally seized and converted the property of plaintiff described in the complaint.

The complaint was demurred to generally upon the ground that it did not state facts sufficient to constitute a cause of action, and specially upon the following among other grounds not necessary to be stated:

1. That the defendants Victor and Noble, sued for breach of contract, were improperly joined with the defendant Peck, sued as a trespasser.

2. That several causes of action were improperly joined, to wit, a cause of action for injuries to property and a cause of action founded on contract.

The demurrer was properly overruled upon these grounds on the authority of *Van Pelt* v. *Littler,* 14 Cal. 194; *Black* v. *Clasby,* 97 Cal. 482; and *Sam Yuen* v. *McMann,* 99 Cal. 497. The case of *Ghiradelli* v. *Bourland,* 32 Cal. 585, cited by appellants as authority to the contrary, is not in point. As to the other grounds of demurrer, it is sufficient to say they are equally untenable. Upon the overruling of the demurrer the defendants answered, and thereupon, without notice to the defendants or their attorney, the case was assigned or transferred by the judges of the superior court of Fresno county from Department Two, where it had laid without being set for trial for more than two years, to Department Three of that court, and by them ordered to be placed on the trial calendar of that department. Notice was thereafter published in two newspapers of general circulation in that county that on April 4, 1893, this calendar would be called, and the cases thereon set for trial, and on that day it was called, and this case set for trial in that department for June 22d following. Afterwards this calendar was published in the same newspapers, and on the day stated the case was called for trial, and neither of the defendants or their attorney appearing, the court proceeded with the trial of the

cause, and, after hearing the evidence offered by plaintiff, gave judgment in his favor for the return of the property described in the complaint, or the value thereof, with interest and costs in case delivery could not be had.   Afterwards, on the thirty-first day of July following, the defendants moved the court to vacate and set aside the judgment, on the ground that it was given against them through the "inadvertence, surprise, and excusable neglect" of themselves and their attorney. The application was made upon notice and affidavits, including one of merits, duly served, and the pleadings and record in the case, and was resisted by two opposing affidavits, the whole of one of them and the greater part of the other being in opposition to defendants' affidavit of merits, and, to that extent, are, upon well-settled authority, improper to be considered in a proceeding of this character.   The affidavits upon which the motion was made show, in addition to what has been stated, that defendants' attorney moved from Fresno county some time in November, 1892, and that he "has resided without, and been absent from, said county during the whole of the time, except about two weeks in May, 1893"; that neither he nor the defendants, or either of them, were present on April 4th, when the trial calendar was called in Department Three, and this case ordered to be set for trial on June 22d; nor did they, or either of them, have any notice whatever thereof; nor were they, or either of them, present on the day the case was called for trial and tried; nor did they, or either of them, have any notice thereof, or of the judgment rendered therein, until after the date of its entry.   It further appears from the only material part of the counter-affidavits filed in this proceeding that the defendant Peck, during all of the time referred to, commencing January, 1893, was an under or deputy sheriff of that county, and as such was in attendance and waiting upon the different departments of the superior court thereof.

The application for relief is based upon the provisions

of section 473 of the Code of Civil Procedure, and is addressed to the discretion of the court. Hence, it follows that unless it manifestly appears from the showing made that the court below abused the sound legal discretion thus vested in it by the statute, its action in denying the defendants' motion to vacate and set aside the judgment is not the subject of review here.

It is claimed by appellants that the court below abused its discretion in making the order appealed from, because they had no notice of the assignment of the case to Department Three, nor of the regular calling of the trial calendar, and the setting of the case for trial in that department. We have been referred to no rule of that court providing for any such notice, and certainly none is required to be given by the statute. (*Dusy* v. *Prudom*, 95 Cal. 646; *Eltzroth* v. *Ryan*, 91 Cal. 587.) It may be, however, that where a party to an action makes application to a department of the superior court, where the same is pending, for an order transferring the case from that department to another department of the same court, the rule would be that notice of such application should be duly served on the opposite party. But such is not the rule where the judges of the superior court, for the more convenient dispatch of business, as was the case here, or for any other reason they may deem necessary, make an order assigning or transferring cases for trial to any one or more of the several departments of such court.

The case of *Cottrell* v. *Cottrell*, 83 Cal..457, cited by appellants, is not in conflict with these views. In that case it was held that "to transfer a case from one department to another, and try it on the same day without any notice whatever to the opposite party, is a very abrupt proceeding, from which, in a divorce case at least, it is not improper to relieve the absent party." That was a divorce case, and in such cases the rule is well settled that courts should be very liberal in relieving a party from a judgment obtained against him under such circumstances, for the reason that the pub-

lic, as well as the parties to the action, has an interest in the result thereof. The nature of that action, and the unseemly haste with which the case, after its transfer, was rushed to trial, in the absence and without the knowledge of the defendant or his attorneys, were the grounds upon which it was held by this court that the defendant was properly relieved from the judgment obtained against him.

Upon the facts disclosed by the affidavits in this proceeding we cannot say that the court below abused its discretion in denying appellant's motion to vacate and set aside the judgment.

It is further claimed by appellants that the judgment is erroneous because rendered in the alternative. Conceding, for the purpose of this case, that the claim is well founded, we do not think that appellants are in a position to complain, for they are not only not injured by the judgment as rendered, but it is decidedly to their advantage, for they are accorded by it the privilege of avoiding the payment of the judgment by returning the property.

The remaining errors complained of are not necessary to be considered, as they are either untenable or immaterial.

Let the judgment and order be affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.