[Civ. No. 2835. First Appellate District, Division One.—March 20, 1919.]

## RANSOME–CRUMMEY COMPANY, Appellant, v. LOUIS E. WOOD, Respondent.

[1] SUMMONS—SERVICE—RETURN—JURISDICTION—DISMISSAL OF ACTION. The failure of the plaintiff, in an action to foreclose a street assessment lien for work done pursuant to the provisions of the Vrooman Act, to cause the summons, with proof of service thereof, to be returned within three years after the commencement of the action, deprives the court of jurisdiction to take any other action than to dismiss the case.

[2] ID.—DISMISSAL BY COURT—NOTICE.—Where the plaintiff has failed to return the summons with proof of service thereof, within three years after the commencement of the action, the court can dismiss the case without notice to either of the parties.

[3] COURTS—TRANSFER AND ASSIGNMENT OF CASES.—The judges of the superior court in a particular county, for the more convenient dispatch of business or for any reason they may deem necessary, may assign or transfer cases for trial to any one or more of the several departments of such court. Notice of such transfer is not required by the statute.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

Fry & Jenkins for Respondent.

WASTE, P. J.—Plaintiff appeals from an order dismissing the action.

On the tenth day of June, 1914, plaintiff commenced an action against defendant by filing in the superior court of Santa Clara County its verified complaint to foreclose a certain street assessment lien. Summons was duly issued on the same day. No further proceedings were had in the cause until on June 8, 1917, when an amended complaint was filed. Thereafter, on the twenty-sixth day of June, 1917, the summons was filed in the action, together with an affidavit showing service thereof upon the defendant, Louis E. Wood, "on the —— day of June, 1917."

On the same day, June 26th, there was filed on behalf of said defendant, Louis E. Wood, a notice of motion for an order dismissing the cause upon the ground that the summons in the action was not served or return thereon made within three years after the commencement thereof. The motion was noticed to be heard on the twenty-ninth day of June, at 10 A. M. of said day, or as soon as counsel could be heard (three days after its filing), and time of notice was shortened to one day by order of the judge of the court. On the same day the motion was filed, June 26th, the notice of motion and order shortening time were served on the attorney for plaintiff by deposit in the postoffice in San Jose, the office of plaintiff's attorney being in San Francisco.

The motion to dismiss was based on the affidavit of the defendant and the records in the case. According to the former, the defendant was not served with the summons until on the twenty-fifth day of June, 1917, and at no other time was any pleading or paper in the action ever served on him.

On the day, and at the time noticed, June 29th, the motion was regularly on the calendar of Department One of the superior court of Santa Clara County, and was transferred to Department Three of said court, where, after due hearing, the court granted the motion and dismissed the action upon the grounds specified in the notice. Notice of the court's action was given to plaintiff by mail. It took no steps to have the order dismissing the action set aside, but contents itself with an appeal therefrom.

On the appeal, it is contended that due notice of the motion to dismiss the action was not given appellant (plaintiff)

in the court below; that the place where the motion was heard (Department Three of the said superior court) was not the place specified in the notice of motion, and that the time within which a summons must be returned in street assessment lien cases is governed by the provisions of the Vrooman Act (Stats. 1885, p. 147), which is incorporated as part and parcel of the freeholders' charter of the city of San Jose, and not by the provisions of the general law.

We see nothing of merit in any of the points made. **[1]** The failure of the plaintiff to cause the summons, with proof of service thereof, to be returned within three years after the commencement of the action, deprived the court of jurisdiction to take any other action than to dismiss the case. (Sec. 581a, Code Civ. Proc.; *Sharpstein* v. *Eells,* 132 Cal. 507, [64 Pac. 1080]; *Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255, [60 Pac. 848]; *Davis* v. *Hart,* 123 Cal. 384, [55 Pac. 1060]; *Bellingham Bay Lumber Co.* v. *Western Amusement Co.,* 35 Cal. App. 517–519, [170 Pac. 632].) Such action "must be dismissed by the court . . . on its own motion." (Sec. 581a, *supra.*) **[2]** The court can take such action without notice to either of the parties. On the record plaintiff was not entitled to notice.

**[3]** There is no merit in appellant's point as to the transfer of the case from one department of the trial court to another. The judges of the superior court in a particular county, for the more convenient dispatch of business or for any reason they may deem necessary, may make, assign or transfer cases for trial to any one or more of the several departments of such court. (*Bell* v. *Peck,* 104 Cal. 38, [37 Pac. 766].) Appellant refers to no rule of court providing for any notice of such transfer, and none is required by the statute. (*Bell* v. *Peck, supra; Dusy* v. *Prudom,* 95 Cal. 646, [30 Pac. 798]; *Eltzroth* v. *Ryan,* 91 Cal. 587, [27 Pac. 932].)

Appellant fails to point out wherein the Vrooman Act conflicts with or creates any procedure governing the service of summons or the disposition of suits thereunder different from that provided by the codes of the state. The act itself provides to the contrary. The right to institute suit to recover any assessment remaining unpaid, and to have a lien therefor adjudged against the premises assessed and the land sold thereunder, is given by section 12 of that act. It provides, in part: "Suit may be brought in the superior court within

whose jurisdiction the city is in which said work has been done, and in case any of the assessments are made against lots, portions of lots, or lands the owners of which cannot, with due diligence, be found, the service of summons in each of such actions may be had in such manner as is prescribed in the codes and laws of this state . . . In all suits now pending, or hereafter brought to recover street assessments, the proceedings therein shall be governed and regulated by the provisions of this act, and also, when not in conflict herewith, by the codes of this state.'' (Stats. 1913, pp. 408, 409.)

The order appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 17, 1919.