[Civ. No. 2332.   Third Appellate District.—August 30, 1921.]

FIVE STATES TIMBER COMPANY (a Corporation), Appellant, v. G. W. DWINNELL, Respondent.

[1] TRIALS—HEARING ON DEMURRER—NOTICE—JUDGMENT—DISCRETION. Under section 594 of the Code of Civil Procedure, a court is authorized to hear and decide the issue of law raised by a demurrer to a plaintiff's complaint without notice to the plaintiff or his counsel, where there is no court rule requiring notice of hearing on the demurrer; and it is not an abuse of discretion to deny a motion to vacate a judgment entered in favor of the defendant, after the sustaining of a demurrer without leave to amend, where the sole ground of the motion is that the plaintiff had no notice of the hearing on the demurrer other than that afforded by the placing of the same on the law calendar.

APPEAL from an order of the Superior Court of Siskiyou County denying a motion to vacate a judgment. C. J. Luttrell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Chas. L. Gilmore for Appellant.

Taylor & Tebbe for Respondent.

FINCH, P. J.—This is an appeal from an order refusing to vacate a judgment for defendant.

The original complaint was filed June 14, 1920, and demurrer thereto was sustained September 25th. On November 6, 1920, by leave of the court an amended complaint was filed and on the same day defendant interposed his demurrer thereto. Without notice to the plaintiff or its counsel, the demurrer was placed on the law calendar to be heard November 20th and on that day, in the absence of plaintiff and its counsel, the demurrer was submitted without argument and was sustained by the court without granting leave to amend and judgment was thereupon entered in favor of defendant. On January 27, 1921, plaintiff filed notice of motion to vacate the judgment on the ground that the plaintiff had no notice of the hearing. Attached to the notice was the affidavit of plaintiff's counsel reciting the foregoing facts and stating that affiant had no notice of the placing of the demurrer on the calendar or of the action of the court thereon prior to January 22, 1921; that affiant's office at all times mentioned was in the city of Sacramento, and "that affiant believes that plaintiff herein has a good and valid and sufficient cause of action as set forth in said amended complaint and affiant avers he would have appeared to defend said amended complaint if he had notice that said demurrer was set down for argument." No counter-showing was made by the defendant. The court denied the motion.

[1] Counsel for appellant argues that he was entited to notice of the time set for the hearing on the demurrer. Defendant replies that the court rules of Siskiyou County provide that Saturday of each week shall be law day on which all demurrers "shall be disposed of, unless otherwise ordered by the court," and that "parties shall be deemed to have notice that on law day, any demurrer that has been on file for five days prior thereto, will be argued and submitted for decision." The court rules have not been made a part of the record and therefore cannot be considered. (*Johnston* v. *Callahan,* 146 Cal. 212, [79 Pac. 870].) It must be assumed in support of the judgment, however, that there was no court rule requiring notice of the hearing on the demurrer, and the question of right to notice must be determined in accordance with the provisions of section 594 of the Code of Civil Procedure, which reads as follows: "Either party may bring an issue to

trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case, and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial.'' The provision requiring notice of trial of an issue of fact was added in the year 1899. In the case of *Dusy* v. *Prudom,* 95 Cal. 646, [30 Pac. 798], it was held, under the law as it stood prior to the amendment, that ''it is not an abuse of discretion for the trial court to deny a motion to vacate a judgment rendered in the absence of the parties against whom the judgment is given, on the ground of excusable neglect, where the application to set it aside simply shows that such parties had no notice of the setting of the case for trial; that they relied upon the belief that they were entitled to notice, as they were nonresidents of the county.'' The section has not been changed relative to notice of the trial of an issue of law and, hence, the case of *Dusy* v. *Prudom* is authority for the action of the trial court in this case. In the case cited the trial of a question of fact was had in the absence of the defendant and judgment rendered against him. The determination of the trial court in that case, if based on conflicting evidence, would have been conclusive on appeal, whereas, in this case, the question of law presented by the demurrer was as fully open for consideration on appeal as in the trial court. The effect of granting appellant's motion would have been to permit argument of the demurrer. If the court was satisfied that the demurrer was properly sustained, it cannot be said that it unwisely exercised its discretion in denying the motion and leaving the plaintiff to its remedy by appeal. But regardless of other considerations, the statute authorized the court to hear and decide the issue of law raised by the demurrer without notice to the appellant, and to hold that it was an abuse of discretion to deny the appellant's motion to vacate the judgment on the sole ground that appellant had no notice of the hearing on the demurrer other than that afforded by the placing of the same on the law calendar would be to

nullify the statute, because a party without notice could always make that showing.

The order appealed from is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 24, 1921.

All the Justices concurred, except Shaw, J., who was absent.