(December 1, 1922.)

GLENN R. BOTHWELL, Trustee, Respondent, v. C. E. BRYANT and JANE DOE BRYANT, Appellants.

[210 Pac. 1003.]

JUDICIAL NOTICE—RULES OF THE LAND BOARD.

The courts do not take judicial notice of rules of the state land board.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action to foreclose lien of Carey Act contract. Judgment for plaintiff. *Affirmed.*

McDougall & McDougall, for Appellants.

The court absolutely ignored the Carey Act law and rules and regulations of the state land board, which became and

were a part of the Carey Act contract at issue in this action. (*Collins v. Twin Falls N. S. Co.*, 28 Ida. 1, 152 Pac. 200; *Idaho Irr. Co. v. Pew*, 26 Ida. 272, 141 Pac. 1099; *Adams v. T. F. Oakley Co.*, 29 Ida. 357, 161 Pac. 322.)

Budge & Merrill and Martineau & Evans, for Respondent.

An appellate court will not take judicial notice of departmental rules and regulations; but if a party places reliance upon such rules, he should read them into the record. Unless this step is taken below the appellate court must either accept counsel's statement as to the rules or itself make an investigation. It will do neither of these things. (*Powell v. Springton Lumber Co.*, 12 Ida. 723, 88 Pac. 97; *State v. Cotterel*, 12 Ida. 572, 10 Ann. Cas. 260, 86 Pac. 527; *Josh v. Marshall*, 53 N. Y. Supp. 419, 33 App. Div. 77; *Shurman v. Atlanta*, 148 Ga. 1, 95 S. E. 698; *Standard Cabinet Co. v. Landgrave* (Ind.), 128 N. E. 358; *Graf v. Employers' Liability Assur. Corp.*, 190 Iowa, 445, 180 N. W. 297.)

McCARTHY, J.—This action was brought to foreclose the rights of appellant Bryant under a Carey Act contract, with the American Falls Canal and Power Company. On September 24, 1908, the company conveyed to appellant C. E. Bryant by warranty deed 120 shares of water stock, for which Bryant was to pay $1,800. The deed acknowledged the receipt of the first payment of $360, and provided for the payment of the balance in nine yearly instalments. Bryant made only the first payment. A paragraph of the deed gave the company "any rights of way through the land described . . . . needed for the construction of the canal or any lateral."

Bryant built a lateral on his lands, and received and used water from the company's canal from the execution of the deed until the institution of this action, June 2, 1917. At this time Glenn R. Bothwell, the respondent, was the duly elected and acting trustee in bankruptcy, the company having been adjudicated a bankrupt in February,

1914. In the spring of 1917 it became necessary to enlarge and improve the lateral on appellant's land in order to carry water to farmers below him who had purchased water rights under the canal system and planted crops in anticipation of the water. Appellant refused to permit the enlargement of his lateral and suit was brought to enforce the provision of the deed allowing the company to do so, also to foreclose the lien on appellant's land and water.

Numerous assignments of error are made in appellant's brief, but not argued. The only one which it is necessary for us to notice is the contention that plaintiff made no showing of compliance with the rules of the land board prescribed under the Carey Act. This point is raised for the first time in this court. The rules of the land board in effect at the time are not shown by the record. If this court were to consider such a point raised here for the first time, the rules would have to be before it for interpretation. What the rules of the land board were through the years covered by the facts in this case, this court does not know. It cannot take judicial notice of them. (C. S., sec. 7933.)

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Dunn, J., concur.

Budge and Lee, JJ., deeming themselves disqualified, did not sit at the hearing nor participate in the decision.