(May 24, 1923.)

## CHARLES PETERS, Appellant, v. WILLIAM S. WALKER, Respondent.

[215 Pac. 845.]

RULES OF DISTRICT COURT—JUDICIAL NOTICE—SETTING OF CAUSE, NOTICE —DEFAULT JUDGMENT—SETTING ASIDE—DISCRETION OF COURT.

1. This court does not take judicial notice of the rules of the district courts.

2. In the absence of a statutory provision or rule requiring that parties be expressly notified of the setting of a cause, no such notice need be given, but the court has power to set it for trial at a regular term, and it is incumbent on the parties and their counsel to keep informed.

3. An order of the district court refusing to set aside a default judgment will not be reversed unless it involves an apparent abuse of discretion.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Raymond L. Givens, Judge.

Action to quiet title to water right. Order denying motion to set aside judgment. *Affirmed.*

E. G. Davis, for Appellant.

The discretion with which a trial court is vested by sec. 6726, C. S., to relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect, should be resolved, in case of doubt, in favor of the application. (*Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630.)

This was a default judgment entered while the case was at issue and is void. (*Vincent v. Black,* 30 Ida. 636, 166 Pac. 923.)

William Healy, for Respondent.

The notice to appellant to appoint another attorney was given in accordance with the requirement of law. (C. S., secs. 6577, 7200, 7201.)

No notice of the trial of the cause in the absence of the adverse party is required to be given. (C. S., secs. 6838, 6839; *Dusy v. Prudom,* 95 Cal. 646, 30 Pac. 798; *Bell v. Peck,* 104 Cal. 35, 37 Pac. 766; *Eltzroth v. Ryan,* 91 Cal. 584, 27 Pac. 932.)

Times of holding terms of court are matters of public record of which litigants are presumed to have knowledge. (C. S., sec. 6461.)

The refusal of the trial court to set aside the judgment in this case rested within his sound discretion. (C. S., sec. 6726; *Ticknor v. Maginnis,* 33 Ida. 308, 193 Pac. 850; *Armstrong v. Hartford Fire Ins. Co.,* 33 Ida. 303, 195 Pac. 301; *Valley State Bank v. Post Falls etc. Co.,* 29 Ida. 587, 161 Pac. 242; *McMunn v. Lehrke,* 29 Cal. App. 298, 155 Pac. 473.)

McCARTHY, J.—This is an appeal from an order denying a motion to set aside a default judgment. May 21, 1920, appellant started this action against respondent in the district court for Owyhee county. January 26, 1921, a demurrer having been overruled, respondent filed and served his answer and cross-complaint. May 17, 1921, appellant filed and served his answer to the cross-complaint. January 26, 1921, the parties, through their counsel of record, stipulated that the action should be tried in chambers at Boise, Idaho, at such time as might mutually be agreed upon between them, and arranged with the judge of the court, but not later than April 1, 1921. The case was not heard in accordance with that stipulation. August 23, 1921, the then attorney of record for appellant withdrew from the case and served written notice upon respondent's attorney. August 24th respondent's attorney served written notice upon appellant as follows:

"You are hereby notified that on August 22, 1921, your attorney Harry C. Wyman, withdrew as such and served his formal notice of withdrawal as your attorney; you are further notified that the defendant, William S. Walker, in this action intends to proceed further and to secure judgment in accordance with the prayer of his cross-complaint in said action and you are required to appoint another attorney or to appear in person in the said cause."

September 20, 1921, the next term of said court opened at Silver City, in Owyhee county. Appellant had not appeared again in the cause either in person or by attorney. On respondent's motion the court entered the default of appellant, heard the case and entered judgment for respondent on his cross-complaint. It will be noted that the default of respondent was not in failing to answer the cross-complaint, because he had filed his answer, but was in failing to substitute an attorney for the one who had withdrawn, or to appear in person, pursuant to the notice served upon him by respondent. Twenty-five days had elapsed between the service of such notice and the time the cause was called and heard.

It cannot be contended that the judgment is void. Appellant invokes the rules of the district court for the third judicial district, claiming that under them respondent should have filed a notice of issue and given notice of the setting of the case. The rules are not in the record. This court does not take judicial notice of the rules of the district courts. (C. S., sec. 7933; *Bothwell v. Bryant,* 36 Ida. 337, 210 Pac. 1003; *Powell v. Springston Lumber Co.,* 12 Ida. 723, 88 Pac. 97.) Cases must be entered on the calendar by the clerk according to the date of issue and must remain upon it from term to term until finally disposed of. (C. S., sec. 6838.)

"Sec. 6839. Either party may bring an issue to trial or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require."

In the absence of a statutory provision or rule requiring that parties be expressly notified of the setting of a cause, no such notice need be given, but the court has the power to set it for trial at a regular term, and it is incumbent on the parties and their counsel to keep informed. (*Eltzroth v. Ryan,* 91 Cal. 584, 27 Pac. 932; *Dusy v. Prudom,* 95 Cal. 646, 30 Pac. 798; *Bell v. Peck,* 104 Cal. 35, 37 Pac. 766.) We have no statute requiring that such a notice be given.

Relief, if any, must be on the ground stated by respondent in his motion, viz., that the judgment was taken against him through his mistake, inadvertence, surprise and excusable neglect. In his affidavit in support of the motion appellant alleges that, because of the stipulation of January 24, 1921, he believed that, whenever the case was tried, it would be tried at chambers at Boise. He also says that pursuant to this stipulation the cause was set for trial at Boise on August 24th, and he was unable to secure another attorney between August 22d and August 24th; that following receipt of the notice requiring him to appoint another attorney or appear in person, he attempted to secure an attorney, but was prevented because of sickness and lack of means; that he had no notice or knowledge that the case would be called for trial at Silver City, and that, if he had received such notice, he would have communicated with the court, or appeared in person, and requested that the case be continued until he was able to employ an attorney; that he employed his present attorney as soon as possible after learning of the entry of the judgment. The order of the trial court refusing to set aside the judgment should not be reversed unless it is apparent that it abused its discretion. (*Kynaston v. Thorpe,* 29 Ida. 302, 158 Pac. 790.) The notice served by respondent upon appellant on August 24, 1921, was in accordance with the statute. (C. S., sec. 6577.) The cause rightfully remained at all times on the regular calendar for Owyhee county. The stipulation of January 24th served its purpose and ceased to have any effect after April 1, 1921. If there was an oral agreement to try the case at chambers in Boise on August 24th, as is inferred in appellant's affida-

vit, it was not carried out.   The regular term of the district court was opened in Owyhee county on September 20th, as advertised in accordance with statute, and of this all parties were bound to take notice.   Appellant had a reasonable time in which to comply with the notice served upon him to appoint another counsel or appear in person.   Twenty-five days was a reasonable time and he does not show any legal excuse for not employing another attorney or appearing himself.   The stipulation gave him no reasonable ground for believing that the case was removed from Owyhee county.   There is no proof that he was misled by the court or the opposing party.   Under the circumstances we cannot conclude that the trial judge abused his discretion.   The order appealed from is affirmed, with costs to respondent.

Budge, C. J., and William A. Lee, J., concur.