328 P.2d 71

**Webster Arnold LOVELL, Plaintiff-Respondent,**

v.

**Alice Josephine LOVELL, Defendant-Appellant.**

No. 8611.

Supreme Court of Idaho.

July 9, 1958.

James T. Knudson, Coeur d'Alene, for appellant.

J. Ward Arney, Coeur d'Alene, for respondent.

McQUADE, Justice.

On October 31, 1956, the plaintiff and respondent filed his complaint for divorce. On December 3, the clerk of the district court received the answer of the defendant and appellant, who appeared in proper person. Defendant is a resident of Bethesda, Maryland. The clerk promptly notified the defendant that her answer would be filed upon payment of a $5.00 filing fee. Upon receiving the fee, the answer was filed on December 14, 1956. At that time, no default or other pleading had been filed. The answer of the defendant, among other things, denied material allegations of the complaint relative to residence and as to the grounds for the divorce. No attorney ap-

peared of record as representing the defendant.

After December 14, 1956, the attorney for the plaintiff engaged in correspondence with Mr. Arthur J. Hilland, an attorney in Washington, D. C. Upon failure to reach satisfactory conditions for a settlement of various rights, the attorney for the plaintiff on March 22, 1957, mailed a letter to Hilland containing the following information:

"Mr. Lovell intends to and notifies you that he will proceed with his divorce action. We are using this media to notify, you, and, of course, your client, that at any time after twenty days from date when the Court is available, we will present our proofs for a decree.

"On or after April 15, 1957, we will feel free to proceed, unless an earlier contest develops."

On April 16, 1957, the plaintiff caused the clerk of the court to enter a default of defendant for failure to appear, answer or plead to the plaintiff's complaint. On the same date, proof was submitted in support of the allegations contained in the complaint and a decree entered, which in part recited:

" * * * there being on file herein proof that notice of intended placing of this upon the calendar for trial was duly given to the defendant, setting April 15, 1957, as the time after which default judgment would be entered; that there has been no effort on the part of the defendant to contest or appear for trial, except the filing of her answer herein; that the default of the defendant has been duly entered upon proper demand; that issue is joined upon the complaint and upon the answer of defendant on file herein * *."

The decree further granted a divorce to the plaintiff and against the defendant.

The appellant thereafter moved to set aside the decree based upon her default, which motion was denied by the court. Thereafter the defendant applied for attorney fees and costs on appeal, representing that she had insufficient funds with which to perfect the appeal, and the plaintiff resisted the motion upon the ground that he had insufficient funds with which to pay attorney fees and costs upon appeal. The trial court entered an order denying the motion for attorney fees and court costs for this appeal.

The defendant has appealed from the orders of the court refusing to set aside the decree entered and denying the motion to allow attorney fees and court costs on appeal.

This Court has said, in Western Loan & Bldg. Co. v. Bandel, 57 Idaho 101, at page 112, 63 P.2d 159, at page 163:

"* * * 'Due process of law requires that one be heard before his rights are adjudged.' * * *"

By the filing of the answer, denying the residence of the plaintiff and controverting the grounds for the divorce, issues of fact were raised. I.C. sec. 10–103:

"An issue of fact arises:

"1. Upon a material allegation in the complaint controverted by the answer; and,

"2. Upon new matters in the answer, except an issue of law is joined thereon."

Where issues of fact have been raised by the pleadings, the trial court is obliged to hear the evidence before entering a judgment. I.C. sec. 10–105.

The plaintiff relies upon I.C. sec. 10–108 as the authority for entering the default of the defendant, which statute is as follows:

"Either party may bring an issue to trial, or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require."

The plaintiff urges that the letter of his attorney to the Washington, D. C., attorney, Arthur Hilland, was sufficient notice of the trial date. In response thereto, the defendant contends that Mr. Hilland was not an attorney of record and that she had not received notice of the trial date.

This Court has said, in Peters v. Walker, 37 Idaho 195, 215 P. 845, 846:

"In the absence of a statutory provision or rule requiring that parties be expressly notified of the setting of a cause, no such notice need be given, but the court has the power to set it for trial at a regular term, and it is incumbent on the parties and their counsel to keep informed. Eltzroth v. Ryan, 91 Cal. 584, 27 P. 932; Dusy v. Prudom, 95 Cal. 646, 30 P. 798; Bell v. Peck, 104 Cal. 35, 37 P. 766. We have no statute requiring that such a notice be given."

This statement envisions notice by the court to the parties or their attorneys of record that the case has been set for trial by transmitting thereto a copy of the court's setting.

This Court, in Storer v. Heitfeld, 17 Idaho 113, at page 127, 105 P. 55, at page 60, announced the rule to be:

" 'It is the right of parties to be present at the trial of their cases. This right may be waived, and should be held to be waived where the absence of the party is voluntary and under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are in-

terested in the due and prompt administration of justice, to absent himself.' "

From an examination of the letter, it is apparent that no notice of the particular date upon which the trial of the issues would be had was set forth therein. The setting of the trial date is the prerogative and the responsibility of the trial court, not to be usurped by counsel for the parties. It was error for the trial court upon the state of the record to conclude that the defendant failed to make an appearance for the trial.

The trial court is hereby directed to set aside the decree and the clerk's default.

■ It was also error for the trial court to disallow attorney fees and costs to the defendant, despite the fact that neither party had ample funds with which to prosecute the appeal. This question has been settled conclusively in Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401, 403:

"It is apparent from the showing *pro* and *con* as to appellant's request for attorneys' fees and costs in the appeal herein that neither party have means of any considerable extent and that litigation is a burden to both. The

wife, however, has the right to have her interests presented and protected and sec. 31–704, I.C.A., contemplates the husband must, if possible, at least help bear the expense. Bedke v. Bedke, 56 Idaho 235, 53 P.2d 1175."

The order of the trial court denying attorney fees is hereby reversed, and it is directed that a reasonable fee be allowed the defendant-appellant.

Costs to appellant.

PORTER, TAYLOR, and SMITH, JJ., concur.

KEETON, Chief Justice (dissenting).

In my opinion the judgment should be affirmed. Defendant was regularly served with process, apparently employed a foreign attorney. Plaintiff gave such attorney notice of the setting of the case for trial. It was no fault of plaintiff that defendant did not appear, as it is apparent defendant was sufficiently notified of the proceedings about to be taken.

A party to an action is not entitled to relief for his or her own neglect or that of a foreign attorney.