684 P.2d 300

Marlene A. VAN HEUKELOM, SSA: 519 50 4937, Claimant-Appellant,

v.

PINE CREST PSYCHIATRIC CENTER, Employer-Respondent,

and

State of Idaho, Department of Employment, Respondent.

No. 14868.

Supreme Court of Idaho.

July 17, 1984.

David Allen Manko, Coeur d'Alene, for claimant-appellant.

Samuel Eismann, Coeur d'Alene, for respondent Pine Crest Psychiatric Center.

Jim Jones, Atty. Gen., Larry F. Weeks, Deputy Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for respondent State of Idaho, Dept. of Employment.

BISTLINE, Justice.

On March 9, 1982, Marlene Van Heukelom, claimant, was discharged from her employment. Initially, claimant was determined eligible for unemployment compensation on April 22, 1982. This decision was protested by Pine Crest Psychiatric Center, employer, and the matter was reviewed by the Appeals Bureau of the Department of Employment which subsequently affirmed the initial claim examiner's decision. The decision of the Appeals Bureau was appealed to the Idaho Industrial Commission where an order was entered allowing for a further hearing. This hearing was conducted by a referee, following which the

referee submitted his findings, conclusions of law, and a proposed order denying benefits on the basis that she had been discharged for misconduct.

The order entered by the Commission is as follows:

"The Commission has reviewed the record and the foregoing Findings of Fact, Conclusions of Law and Order, and hereby approves and confirms the same, and adopts them as the Decision and Order of the Commission. The Decision is ordered filed by the Secretary of the Commission.

"DATED and FILED this 1 day of Nov., 1982."

R., p. 46.

At oral argument,[1] however, it was made to appear that the Industrial Commission, at the time it entered the foregoing order which converted the referee's proposed decision into the final decision in the case, very probably did not have before it the transcript of the proceedings presided over by the referee. The testimony taken at the hearing before the Commission referee was not transcribed until the 31st day of January, 1983, a considerable time after the Commission's order was signed.

"Right to procedural due process guaranteed under State and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and meaningful opportunity to be heard." *Rudd v. Rudd*, 105 Idaho 112, 113, 666 P.2d 639, 642 (1983). *See also Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). "Due process of law requires that one be heard before his rights are adjudged." *Lovell v. Lovell*,

---

1. The following colloquy took place at that time:

"FROM THE BENCH: They [the Commission] certainly didn't hear these witnesses testify. They never heard this claimant testify, did they?

"MR. WEEKS: No, they didn't.

"FROM THE BENCH: In fact, I don't think in this case they even had the benefit of the written record of the testimony, did they?

"MR. WEEKS: I would presume they wouldn't, Your Honor, normally a transcript isn't prepared until after an appeal has been

made to this Court. So the record they would have reviewed would have been the transcript before the appeals examiner, the findings and new evidence submitted at the referee level for the Industrial Commission."

Not one of three counsel suggested that Mr. Weeks was not entirely correct or that, as we experienced at another hearing recently, a tape recording of the testimony was available to the Commission in making its review. Here, however, unlike the other, the reporter was a contract reporter based in Spokane.

80 Idaho 251, 254, 328 P.2d 71, 72 (1958); *Western Loan & Bldg. Co. v. Bandel*, 57 Idaho 101, 112, 63 P.2d 159, 163 (1936); *Mays v. District Court*, 34 Idaho 200, 207, 200 P. 115, 116 (1921). If the Industrial Commission did not have a transcript of the proceedings or a tape to which it could listen *before* it rendered its decision, the appellant was denied a meaningful opportunity to be heard and thus denied due process of law as guaranteed under both Idaho and United States Constitutions.

Putting aside problems of constitutional dimension, we do know that the oral argument which we heard from three very capable attorneys was being presented by them for the first time. That oral argument was largely devoted to the proposition that the findings were, or were not, supported by or contrary to the evidence, a substantial portion of which was testimony heard only by the Referee. Being not unmindful that the Industrial Commission is undoubtedly as beleaguered with time problems as is this Court, we nevertheless are constrained to the view that as a matter of orderly process, the briefs which we received and the able argument which we heard should have been in the first place received and heard by the Commission. The Commission, on hearing counsel argue the findings and conclusions of the Referee as compared against the record will in that manner reach a decision which will have more impact on this Court than where we consider a final decision reached by them where they have foregone that opportunity. Being mindful of the usual presumption that governmental officials have complied with their obligations, and the recital that the Commission did review the record, which presumably would include a tape recording in the established absence of a written transcript, but believing that presumption outweighed by the record before us, we vacate the decision of the Industrial Commission and remand for reconsideration by the Commission *on the whole record* with the benefit of advocacy by respective counsel; provided, however, that if the Commission determines that it did have and utilize a tape recording of the hearing testimony it will, in turn, re-enter its previous order.

Order denying benefits vacated, and cause remanded.

DONALDSON, C.J., HUNTLEY, J., and McFADDEN, J. pro tem., concur.

BAKES, Justice, dissenting:

I.C. § 72–1368 sets forth the procedure to be followed when applying for unemployment compensation. Under this statute, a decision of an appeals examiner must be appealed to the Industrial Commission. I.C. § 72–1368(g). However, the Industrial Commission has statutorily been granted the right to delegate the appeals function to a hearing officer, referee or examiner—subject to subsequent approval by the commission. Specifically, I.C. § 72–506 states:

"**72–506. Acts of commission or reference—Hearing officers.**—(1) Any investigation, inquiry or hearing which the commission has power to undertake or hold may be undertaken by or held by or before any member thereof or any hearing officer, referee or examiner appointed by the commission for that purpose. "(2) Every finding, order, decision or award made by any member, hearing officer, referee, or examiner pursuant to such investigation, inquiry or hearing, when approved and confirmed by the commission, and ordered filed in its office, shall be deemed to be the finding, order, decision or award of the commission."

Once a referee has been appointed by the commission to examine the record and hear additional evidence, the referee is acting for the commission—subject to the commission's approval. To suggest now, without the issue being raised or briefed by the parties, that the commission must independently review the whole record before approving the referee's decision is to ignore the plain meaning of I.C. § 72–506. The majority's holding would render the statute's delegation provisions pointless.

Finally, the rights of the respondent employer, the prevailing party below, must be considered. The due process issue which forms the basis for the majority opinion was not raised or briefed by the parties.

Yet the majority now reverses the commission on this very issue. Pine Crest is thus denied notice of and an opportunity to brief and be heard on that issue. It is ironic that in reaching its conclusion the majority cites and relies on the following quote from *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983):

> "The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard." *Id.* at 115, 666 P.2d at 642.

In holding as the majority does, Pine Crest is truly the party denied procedural due process. Accordingly, I cannot join in the majority's opinion. The commission was acting pursuant to statute, and the merits of this case should be addressed.