(January 16, 1900.)

## STOCKER v. KIRTLEY.

[59 Pac. 891.]

PRACTICE—INJUNCTION—DAMAGES.—In a case when a perpetual injunction is prayed for, and also damages, the court must try the issue raised as to the injunction, and, on demand of either party, submit the question of damages to a jury and thereafter enter the proper judgment.

:SAME—CAUSES CANNOT BE TRIED PIECE-MEAL.—It is error to try the issue as to the injunction, enter judgment thereon, and continue the question of damages to a subsequent term of the court. Causes cannot thus be tried piece-meal.

Same—Evidence.—All who are neither parties to a judgment nor the privies to such parties are not bound by such judgment.

Court Must Grant Any Relief Embraced Within the Issues.— Under the provisions of section 4353 of the Revised Statutes, when an answer is filed, the court may grant any relief consistent with the case and embraced within the issues.

Water Right—Ditch.—One may own a ditch, without owning a water right and may protect it from injury.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Redwine & Boyd, for Appellant.

The court erred in admitting the judgment-roll in the action of *Michael Boyle, Thomas Boyle and Murray Williams v. Thomas McGarvey and others.* It is an elementary principle of law that a judgment can have no binding force upon anyone a stranger to the action. (2 Black on Judgments, sec. 600.) The evidence having shown clearly that the company used all the water, it was competent to prove the declarations of the users under a claim of ownership by adverse user. These declarations would be the strongest possible evidence tending to prove adverse user. Bearing upon this point, we refer to *Cannon v. Stockmon,* 36 Cal. 536, 95 Am. Dec. 205; *Lick v. Diaz,* 44 Cal. 479; *Stockton Sav. Bank v. Staples,* 98 Cal. 189, 32 Pac. 937; 1 Am. & Eng. Ency. of Law, 304, note. If an injunction should be granted for every slight damage as the facts in this case clearly show, the leading industry would be greatly retarded for there is scarcely a mining stream in this part of the state not used for mining purposes. Injunction does not necessarily follow damages. (*Robb v. Carnegie Brothers & Co.,* 145 Pa. St. 324, 27 Am. St. Rep. 694, 22 Atl. 649; High on Injunctions, secs. 749, 752; Lindley on Mines, sec. 842; *Fitzpatrick v. Montgomery,* 20 Mont. 181, 63 Am. St. Rep. 622, 50 Pac. 416.) This court has power to order such judgment as the evidence warrants. In chancery cases, the supreme court, on appeal, has full power to correct the errors of the court below in whatever shape or by whatever party the appeal is taken up. (*Grayson v. Guild,* 4 Cal. 122; Idaho Rev. Stats., sec. 3818; *McAfee v. Reynolds,* 130 Ind. 33, 30 Am. St. Rep. 194, 28 N. E. 423.)

John H. Pagdham and W. T. Reeves, for Respondent.

The well-settled rule of law that the refusal of the court to grant a new trial will not be reviewed on appeal, unless there is a gross abuse of discretion, the motion being addressed to the sound discretion of the trial court. (*Speck v. Hoyt,* 3 Cal. 421; *Hastings v. Steamer U. S.,* 10 Cal. 341; *Gerald v. Brunswick & Balke Co.,* 67 Cal. 124, 7 Pac. 306; *Pico v. Cohn,* 67 Cal. 258, 7 Pac. 680; *Pierce v. Schaden,* 55 Cal. 406; *Phelps v. Union etc. Co.,* 39 Cal. 410; *Pacific etc. Co. v. Telegraph Co.,* 79 Cal. 340, 21 Pac. 840.) We contend that if there is a conflict of evidence this court will not interfere with the findings; that before this court will review the action of the lower court in this regard there must be a failure of evidence on the fact found. (*Speck v. Hoyt,* 3 Cal. 421; *Wheeler v. Hays,* 3 Cal. 287; *Cole v. Bacon,* 63 Cal. 571; *Putman v. Lamphire,* 36 Cal. 151.) No party has the right to so pollute the waters of a stream, by depositing tailings therein, so that in using it below for agricultural purposes the land would be injured and made unfit for use on account of sand, sediment and debris settling thereon and in support of this contention, we cite the following authorities: *Fitzpatrick v. Montgomery,* 20 Mont. 181, 63 Am. St. Rep. 622, 50 Pac. 416; *Hobbs v. Canal Co.,* 66 Cal. 161, 4 Pac. 1147; *People v. Gold Run Co.,* 66 Cal. 138, 56 Am. Rep. 80, and note, 4 Pac. 1152; *Levaroni v. Miller,* 34 Cal. 231, 91 Am. Dec. 692, and note; *People v. Elk River Mill etc. Co.,* 107 Cal. 214, 48 Am. St. Rep. 121, 40 Pac. 486; *Woodyear v. Schaefer,* 57 Md. 1, 40 Am. Rep. 419; *Robinson v. Coal Co.,* 57 Cal. 412, 40 Am. Rep. 118; *Columbus etc. Co. v. Tucker,* 48 Ohio St. 41, 29 Am. St. Rep. 528, and note, 26 N. E. 630; *Mississippi Mills Co. v. Smith,* 69 Miss. 299, 30 Am. St. Rep. 546, and note, 11 South. 26. Although appellant is conducting a lawful business it must be conducted in a lawful manner and not so as to injure others. (*Hobbs v. Amador etc. Co.,* 66 Cal. 161, 4 Pac. 1147, and authorities there cited.)

SULLIVAN, J.—This is an action to enjoin the defendant (who is appellant here) from running placer mining debris, consisting of rock, sand, gravel, and sediment, into plaintiff's irri-

gating ditch and upon his land, and for damages. The complaint specifically prays for $400 damages for a perpetual injunction, and "for such other proper and equitable relief as to the court shall seem meet, and for costs of suit." Among other allegations, the complaint alleges ownership in the plaintiff of a certain water right, consisting of one hundred and forty inches, of the water of Kirtley creek, but no specific prayer for a decree to that effect is contained in the complaint. The answer contains a denial of the material allegations of the complaint, and, as a separate defense, sets up title, acquired by adverse user, to all of the water of said creek. When the cause came on for trial, counsel for appellant demanded that the issue made as to damages be first tried by a jury, which demand the court denied, and proceeded to try the issues as to the respondent's right to a perpetual injunction, and as to the amount and priority of his water right, upon which issues the court made its findings of fact and conclusions of law, and entered judgment and decree in favor of the respondent, perpetually enjoining the appellant, and decreeing the priority of his water right to the extent of one hundred and forty miner's inches. The issue for damages was continued for the term, and a motion for a new trial denied. This appeal is from the judgment, and an order denying the motion for a new trial.

We shall, *in limine,* advert to the manner in which this case was tried. The complaint states but one cause of action, and the claim for damages is incidental to that. The court should have tried the equitable part of this action, and thereafter, if a jury was demanded to try the issue of damages, submitted that question to a jury. After verdict, the court ought to have made its findings of fact and conclusions of law, and entered judgment accordingly. Such actions as this must not be tried piecemeal, and several judgments entered; that is, the material issues must all be tried and found upon before judgment is entered, else one material issue might be tried, and judgment entered thereon, and the other issues postponed until a subsequent term of court, and then another issue or cause of action tried, and judgment entered thereon, and other causes of action, if any are pleaded, continued to a subsequent term, and so on to the end. This procedure would of necessity require repeated ap-

peals in the same action, when, if all of the material issues were tried before judgment was entered, but one would be needed. Our practice acts do not contemplate that actions shall be tried in that way.

The admission in evidence of the judgment-roll in the case of Boyle et al. against McGarvey et al. is assigned as error. The appellant was not a party or privy to that suit, and it is elementary that a judgment can have no binding force upon one not a party or privy to the action in which such judgment is rendered. (2 Black on Judgments, sec. 600.) Counsel for respondent contend that said judgment-roll was introduced for the purpose of corroborating the evidence of respondent as to the date from whence his water right began, and was proper for that purpose. The date of the location and appropriation of said water was a fact to be proved by respondent, and he produced on the trial his grantor and predecessor in interest, who testified that he cultivated and irrigated twenty-five acres of respondent's said land in 1873, and increased the acreage in cultivation from year to year thereafter until 1894, when he sold said land to plaintiff. That witness could have testified as to the amount of water he used on said land, and appropriated for the use thereon, and that would be the best evidence of the date of such appropriation. The court erred in admitting said judgment-roll.

The fourth and fifth findings of fact are assigned as error, which findings are to the effect that plaintiff and his predecessors in interest appropriated one hundred and forty inches of the waters of Kirtley creek, and he is entitled to the continuous flow of said water, and has superior right thereto. We have not found sufficient evidence in the record to support said findings, and apparently the trial court based said findings on said judgment-roll. If plaintiff and his predecessors in interest located and appropriated one hundred and forty miner's inches of the water of said creek, and applied the same to a beneficial use upon his said land, he can show that fact by competent evidence. It cannot be shown by the judgment-roll in an action to which appellant was not a party or privy.

The refusal of the court to admit in evidence the deed from James L. Kirtley and wife to the Michigan Gold Mining

Company is assigned as error. Said deed purports to convey certain placer mining ground, situated on Kirtley creek, extending about three miles along said creek, and all ditches, water rights etc., used in connection with, and appertaining to, said placer claims. The appellant in his answer avers a right to the prior use of all of the waters of said creek acquired by adverse user, but he nowhere avers that he acquired such right by prior location and appropration, and we are unable to see wherein or how said deed can be relevant to any issue made by the pleadings. Appellant avers that he and his predecessors in interest have used all of the waters of said creek for the ten years last past, and bases his right on adverse user. Said deed bears date June 9, 1887—about twelve years prior to the filing of the answer. There was no error in excluding it.

The primary object of this action was to restrain appellant from filling respondent's ditch with placer mining debris, from running the same on his land, and for damages. Those are the only reliefs specifically prayed for. But since an answer has been filed, and respondent's prior and superior right to one hundred and forty inches of the water of said creek is alleged in the complaint, under the prayer for general relief, the court may settle that issue. Section 4353 of the Revised Statutes provides that, in a case where an answer is filed, the court may grant any relief consistent with the case made by the complaint, and embraced within the issue. However, in this case it is not essential to the recovery of the specific relief prayed for that respondent establish the allegations of his complaint as to his prior and superior right to any of the waters of said creek, as one may own a ditch, or a ditch and land, independent of a water right, and may protect them from injury. The judgment of the court below is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Each party must pay one-half of the costs of this appeal.

Huston, C. J., concurs.

Quarles, J., did not sit at the hearing of this case, and took no part in the decision thereof.