(March 29, 1918.)

## GEORGE A. LAMBRIX and E. B. FLETCHER, Respondents, v. W. L. FRAZIER, Appellant.

[171 Pac. 1134.]

WATER AND WATERCOURSES—RIGHTS OF PERMIT HOLDER—INJUNCTION—FINDINGS AND DECREE.

1. The holder of a permit to appropriate the waters of a stream, with a point of diversion on the main channel thereof, is, to the extent of his permit rights, entitled to the use of the water of the stream, notwithstanding a portion thereof, originally diverted to another branch, was returned to the main channel by the holder of a junior permit.

2. A writ of injunction will issue to protect the inchoate, contingent right to the use of water by the holder of a permit to appropriate it who has complied with the terms of the permit and has completed his works of diversion and application to such an extent that the water may be applied to a beneficial use.

3. In an action for an injunction, wherein each of the parties asserts a superior right in himself as a ground for injunctive and general relief, findings of fact and decree establishing the prior right are consistent with the case made by the pleadings and with the issues joined.

4. A decree fixing the rights of parties litigant to the water of a stream is binding only on the parties and their privies.

[As to injunction as remedy for wrongful diversion of watercourse, see note in Ann. Cas. 1912D, 13.]

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Edward A. Walters, Judge.

Action to restrain defendant from interfering with a stream. Judgment for plaintiffs. *Affirmed.*

W. C. Howie and D. A. Dunning, for Appellant.

Plaintiffs had started their injunction suit long before they had any right to start it. Writs of injunction in such cases will not issue. (*Nevada County etc. Canal Co. v. Kidd,* 37 Cal. 282.)

Even conceding for the sake of argument that this was an action to quiet title, the action was still prematurely brought, for our supreme court has repeatedly held that one has no title to water until he has completed the works so that he can carry water to the land. (*Speer v. Stephenson,* 16 Ida. 707, 102 Pac. 365; *Marshall v. Niagara Springs Orchard Co.,* 22 Ida. 144, 125 Pac. 208; *Tobey v. Bridgewood,* 22 Ida. 566, 127 Pac. 178.)

The plaintiff must have a present positive right to be infringed upon, and there must be a reasonable certainty that the defendant will infringe upon that right, and that the infringement will cause irreparable injury to the plaintiff. Courts will not entertain actions for injunction except when there is such a right and a reasonable certainty of the infringement of that right to plaintiff's damage. (*Quirk v. Miller,* 129 La. 1071, 57 So. 521; *City of Lawton v. Stevens,* 32 Okl. 476, 122 Pac. 940; *Lorenz v. Waldron,* 96 Cal. 243, 31 Pac. 54; *Thomas v. Musical Mut. Prot. Union,* 121 N. Y. 45, 24 N. E. 24, 8 L. R. A. 175; *Montana Ore Purchasing Co. v. Boston etc. Min. Co.,* 22 Mont. 159, 56 Pac. 120; *Boise Development Co. v. Idaho Trust etc. Bank,* 24 Ida. 36, 133 Pac. 916; 22 Cyc. 749, 820, 821; 16 Am. & Eng. Enc. of Law, 358; *Keiser v. Lovett,* 85 Ind. 240, 44 Am. Rep. 10.)

Injunction does not lie to prevent prospective damages only. (*McHand v. McMurray,* 173 Ala. 182, 55 So. 793, and cases there cited; *Schoch v. Garrison,* 74 N. J. Eq. 292, 70 Atl. 147; Joyce on Injunctions, sec. 1069 and note; *Allott v. American Strawboard Co.,* 237 Ill. 55, 86 N. E. 685; *Kerr v. Riddle* (Tex. Civ.), 31 S. W. 328.)

Injunction procedure is not a proper method to quiet title. (*Brown v. State*, 76 Tex. Cr. 316, 174 S. W. 360; *Eastlake Lumber Co. v. East Coast Cedar Co.*, 142 N. C. 412, 55 S. E. 304; *Moore v. Halliday*, 43 Or. 243, 99 Am. St. 724, 72 Pac. 801.)

Hawley & Hawley, for Respondents.

There is no doubt, under our statutes, that an injunction will lie to prevent threatened injury. (*Fischer v. Davis*, 19 Ida. 493, 116 Pac. 412.)

A permit is a privilege granted by the state to secure the benefit of the doctrine of relation. It is a valuable right in that it may determine the priorities of water users. It is equivalent to the ordinary notice. (*Speer v. Stephenson*, 16 Ida. 707, 102 Pac. 365; *Merritt v. City of Los Angeles*, 162 Cal. 47, 120 Pac. 1064.)

The plaintiff had an incipient, incomplete additional right in the water which he could protect. (*Inyo Consolidated Water Co. v. Jess*, 161 Cal. 516, 119 Pac. 934.)

This action is somewhat analogous to one for the prevention of injury to a homesteader's right. (*Moore v. Halliday*, 43 Or. 243, 72 Pac. 801; *Ripinsky v. Hinchman*, 181 Fed. 786, 105 C. C. A. 462; *De Wolfskill v. Smith*, 5 Cal. App. 175, 89 Pac. 1001.)

MORGAN, J.—The permits of respondents and appellant, senior and junior respectively, call for the appropriation of the waters of Canyon Creek, which stream divides, in its downward course, into two branches known as the East Fork and West Fork. Both places of diversion are located on the West Fork which the trial court found to be the main channel. The findings of fact, being supported by evidence sufficient, if uncontradicted, to sustain them, will not be disturbed because of conflict. (*Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481.)

To the extent of their permit rights respondents are entitled to the use of the water of the creek flowing in the West Fork, notwithstanding a portion of it, originally diverted

therefrom to the East Fork, was returned thereto by appellant. (*Malad Valley Irr. Co. v. Campbell*, 2 Ida. 411, 18 Pac. 52.) Respondents, having substantially complied with the terms of their permit, are the owners of an inchoate, contingent right (*Speer v. Stephenson*, 16 Ida. 707, 102 Pac. 365; *Basinger v. Taylor*, 30 Ida. 289, 164 Pac. 522), and having completed their works of diversion and application to such an extent that the water may be applied to the beneficial use intended, a writ of injunction was properly issued to restrain appellant from interfering with such use and from thereby preventing respondents from ripening their incipient interest into a complete appropriation. (*Allen v. Dunlap*, 24 Or. 229, 33 Pac. 675; *Jackson v. Jackson*, 17 Or. 110, 19 Pac. 847.) This is true even if an injury to respondents was nonexistent at the time. (*Fischer v. Davis* (on rehearing), 19 Ida. 501, 116 Pac. 414.) In this respect respondents' right, though only a consent to construct irrigation works and acquire real property (*Speer v. Stephenson, supra*), partakes of the nature of a vested right. (*Merritt v. City of Los Angeles*, 162 Cal. 47, 120 Pac. 1064; *Inyo Consol. Water Co. v. Jess*, 161 Cal. 516, 119 Pac. 934; *De Wolfskill v. Smith*, 5 Cal. App. 175, 89 Pac. 1001.)

Appellant's objection that the decree is one quieting title only is not well taken. In effect the decree establishes nothing more than that the rights of respondents under their permit are prior in point of time and superior to the rights of appellant under his permit. Neither is appellant's contention correct that the trial court could not have established the respective rights of the parties. The granting of relief to respondents depended upon the priority of their right being found. Such priority was alleged in the complaint and both injunctive and general relief were prayed for. The appellant answered with a denial, asserting a prior right in himself, and asking counter relief of the same character. The findings and decree are consistent both with the case made by the complaint and with the issues joined. (Sec. 4353, Rev. Codes; *Stocker v. Kirtley*, 6 Ida. 795, 59 Pac. 891.)

The decree is unnecessarily broad. It is not objectionable upon the ground that it is general in terms, for the rule is that decrees fixing rights of parties to the waters of a stream, though general in form, are binding only upon the parties and their privies. (*Stocker v. Kirtley, supra; State v. Steiner,* 58 Wash. 578, 109 Pac. 57.) The decree, however, must be construed in the light of the pleadings upon which it rests and the law governing the rights of holders of permits issued by the state engineer.

The relief to which respondents are entitled, under the complaint and findings of the court, is freedom from interference with the completion of their works, and the application of the water claimed to the beneficial use specified in the permit. They are entitled to freedom from interference only so far and so long as, in compliance with the law, they continue with their work and proceed to make beneficial application of the water.

The court found that respondents had constructed a reservoir and necessary conduits, canals and ditches, leading from it to the lands upon which the water was intended to be used under the permit, of sufficient size and dimensions to carry and convey the water to the lands. In view of that finding the decree, though not exact in its terms in defining the rights of the parties, is not so objectionable as to require reversal.

The judgment appealed from is affirmed. Costs awarded to respondents.

Budge, C. J., and Rice, J., concur.