(July 27, 1921.)

ROBERT G. MAYS et al., Plaintiffs, v. DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF IDAHO, IN AND FOR BUTTE COUNTY, and RALPH W. ADAIR, Judge of said Court, Defendants.

[200 Pac. 115.]

WATER RIGHT—PRIORITY SUIT—SUPPLEMENTARY ADJUDICATION—STATUTORY REMEDY—EXCLUSIVE OR CUMULATIVE—DUE PROCESS—ESTOPPEL BY DECREE—NOT BINDING ON STRANGER.

1. The remedy provided by C. S., sec. 7036, is cumulative, and not exclusive.

2. C. S., sec. 7036, does not preclude one whose right to use the water of a stream antedates a priority decree, but who is a stranger to the action, or one whose right has been acquired subsequent to such decree, from bringing a priority suit in the nature of an action to quiet title.

3. A decree adjudicating water rights does not bind one who is a stranger to the action.

APPLICATION for Writ of Prohibition. Alternative writ issued. Demurrer to application. Demurrer sustained and alternative writ quashed.

Whitcomb, Cowen & Clark and E. J. Dockery, for Plaintiffs.

The legislature intended that the subsequent special statute provided an exception to the general statute and that the remedy provided by the special statute should be held to be the exclusive remedy provided by the legislature for the conditions prescribed in the special law. (36 Cyc. 1151; 44 Cent. Dig., Tit. "Statutes," sec. 305; Dwarris on Statutes (2d ed.), 514; *Crane v. Reeder,* 22 Mich. 322; *Rodgers v. United States,* 185 U. S. 83, 87–89, 22 Sup. Ct. 582, 46 L. ed. 816.)

The remedy provided by sec. 7036 was intended by the legislature to be the exclusive and only remedy permitted to a claimant in the situation of the Blaine County Investment Co. in its action. (*Humiston v. Smith,* 21 Cal. 129; *Grigsby v. Barr,* 77 Ky. (14 Bush) 330; *Montel v. Consolidation Coal Co.,* 39 Md. 164; *Thayer v. Kitchen,* 200 Mass. 382, 86 N. E. 952; *Clancy v. Board of Fire & Police Commrs.,* 150 Wis. 630, 138 N. W. 109.)

A party may not relitigate a question which has passed into final adjudication. "The courts will not assume, in an independent action, to determine anew the rights of parties, which, as between themselves, have been settled by the decree of the board of control,—at least, in the absence of fraud, or a showing of facts sufficient to vitiate a judgment." (*Farm Investment Co. v. Carpenter,* 9 Wyo. 110, 87 Am. St. 918, 61 Pac. 258, 50 L. R. A. 747; *Farmers' etc. Co. v. Rio Grande etc. Co.,* 37 Colo. 512, 86 Pac. 1042.)

The proceedings to adjudicate water rights are *in rem* and not *in personam.* (2 Wiel, Water Rights, p. 1125, sec. 1228.)

The technical action to quiet title will not lie where the special proceeding is provided. (2 Wiel, Water Rights, p. 1126, sec. 1228; *Fluke v. Ford,* 35 Colo. 112, 84 Pac. 469.)

Water decrees are *prima facie* evidence as to those not parties to the former adjudication. (*Lower Latham Ditch Co.*

*v. Bijou Irr. Co.,* 41 Colo. 212, 93 Pac. 483; *Broad Run Inv. Co. v. Deuel & S. Imp. Co.,* 47 Colo. 573, 108 Pac. 755; *O'Neill v. Northern Colorado Irr. Co.,* 56 Colo. 545, 139 Pac. 536; *Consolidated Home Supply D. & R. Co. v. Town of Evans,* 59 Colo. 482, 149 Pac. 834; *Ft. Lyon Canal Co. v. National Sugar Mfg. Co.,* 68 Colo. 36, 189 Pac. 252; *O'Neil v. Northern Colorado Irr. Co.,* 242 U. S. 20, 37 Sup. Ct. 7, 61 L. ed. 123.)

Peterson & Coffin, for Defendants.

The remedy provided by sec. 7036 is cumulative and not exclusive. (*Jaffe v. Fidelity Deposit Co.,* 7 Ala. App. 266, 60 So. 966; 1 C. J. 988; 1 R. C. L. 323; *Brandon v. Carter,* 119 Mo. 572, 41 Am. St. 673, 24 S. W. 1035; *Luder v. State* (Tex. Civ. App.), 152 S. W. 220; *Wehmeier v. Mercantile Banking Co.,* 49 Ind. App. 454, 97 N. E. 558; *Gilbert v. Peck,* 162 Cal. 54, Ann. Cas. 1913C, 1349, 121 Pac. 315; *Rosin v. Lidgerwood Mfg. Co.,* 86 N. Y. Supp. 49, 89 App. Div. 245.)

"A statute instituting a new remedy for an existing right does not take away a pre-existing remedy without express words or necessary implication." (*Bergman v. Gay,* 79 Vt. 262, 64 Atl. 1106; *Richardson v. People's Life etc. Ins. Co.,* 28 Ky. Law Rep. 919, 92 S. W. 284; *State v. Cosgrave,* 85 Neb. 187, 122 N. W. 885, 26 L. R. A., N. S., 207; *Chicago etc. Ry. Co. v. Chicago,* 148 Ill. 141, 35 N. E. 881; *Bowles v. Neely,* 28 Okl. 556, 115 Pac. 344; *King v. Pomeroy,* 121 Fed. 287, 58 C. C. A. 209; *Field v. City of Milwaukee,* 161 Wis. 393, 154 N. W. 698; *Collard v. Hohnstein,* 65 Colo. 158, 174 Pac. 597.)

"An existing claimant is not concluded as to his water right by a determination of the board of control in adjudication proceedings under the statute, wherein they have not been considered, and by a decree which is perforce silent respecting them." (*Farm Investment Co. v. Carpenter,* 9 Wyo. 110, 87 Am. St. 918, 61 Pac. 258, 50 L. R. A. 747;

*Van Buskirk v. Red Buttes Land & Live Stock Co.,* 24 Wyo. 183, 156 Pac. 1122, 160 Pac. 387.)

The several decrees adjudicating the rights to the use of the waters of Little Lost River are not, and cannot by legislative enactment be made, conclusive as to parties who were strangers to such proceedings. (15 R. C. L. 1006, and cases cited; 12 C. J. 1227; *Archuleta v. Archuleta,* 52 Colo. 601, 123 Pac. 821; *Carstens v. Pillsbury,* 172 Cal. 572, 158 Pac. 218; *Ray v. Norseworthy,* 90 U. S. (23 Wall.) 128, 23 L. ed. 116; *Humes v. Scruggs,* 94 U. S. 22, 24 L. ed. 51; *Johnson v. Powers,* 139 U. S. 156, 11 Sup. Ct. 525, 35 L. ed. 112; *Pardee v. Aldridge,* 189 U. S. 429, 23 Sup. Ct. 514, 47 L. ed. 883; *In re Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886.)

If one is not a party to the hearing and proceeding, under all the recognized rules of legal procedure, he is clearly not bound by the judgment, and none of his rights is precluded. (2 Wiel, Water Rights, 2d ed., sec. 1233, p. 1137; 3 Kinney on Irrigation, 2d ed., sec. 1563, p. 2830; *Stocker v. Kirtley,* 6 Ida. 795, 59 Pac. 891; *McLean v. Farmers' Highline Canal & Reservoir Co.,* 44 Colo. 184, 98 Pac. 16; *State v. Steiner,* 58 Wash. 578, 109 Pac. 57; *Frost v. Idaho Irr. Co.,* 19 Ida. 372, 114 Pac. 38; *Weiser Irr. Dist. v. Middle Valley Irrigating Ditch Co.,* 28 Ida. 548, 155 Pac. 484; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134.)

E. M. Wolfe, *Amicus Curiae.*

A judgment is binding upon the parties to it, and their privies, and conclusive among them as to the questions involved in the litigation, and no other. It is not conclusive and is of no effect beyond these bounds, even between the parties, as to any question which was not at issue in the suit. (*Fort Lyon Canal Co. v. Arkansas Valley Sugar Beet & Irrigated Land Co.,* 39 Colo. 332, 90 Pac. 1023; *Montrose Canal Co. v. Loutsenhizer Ditch Co.,* 23 Colo. 233, 48 Pac. 532; *Handy Ditch Co. v. South Side Ditch Co.,* 26 Colo. 333, 58 Pac. 30; Long on Irrigation, 2d ed., sec. 232; Kinney on

Irrigation and Water Rights, 2d ed., secs. 1563, 1581, 1645; Wiel, Water Rights in Western States, 3d ed., sec. 626; *Frost v. Idaho Irr. Co., Ltd.,* 19 Ida. 372, 382, 114 Pac. 38; *Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710; *Reno v. Richards,* 32 Ida. 1, 178 Pac. 81; *Stocker v. Kirtley,* 6 Ida. 795, 59 Pac. 891; *Josslyn v. Daly,* 15 Ida. 137, 146, 96 Pac. 568; *State ex rel. McConihe v. Steiner,* 58 Wash. 578, 109 Pac. 57; *Council Improvement Co. v. Pacific & Idaho etc. Imp. Co.,* 29 Ida. 113, 157 Pac. 258; *Day v. Combination Rubber Co.,* 2 Fed. 570). Sec. 7036 would be unconstitutional if its purpose was to make a judgment in one case where one set of persons were parties binding or of any effect against the rights and claims of other appropriators who were not parties to that suit. (*Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614.)

McCARTHY, J.—Plaintiffs apply for a writ of prohibition, to restrain defendants from proceeding further in an action brought by the Blaine County Investment Company.

In October, 1920, the Blaine County Investment Company filed an action in the district court of Butte county, against a large number of defendants, among whom were the plaintiffs herein, to quiet title to the waters of Little Lost River. A demurrer to the complaint was overruled. Answer was then made in which the allegations of the complaint were not controverted, but matters by way of abatement and estoppel and in bar of the proceedings were set up. The answer first alleges three decrees of courts of competent jurisdiction adjudicating the rights to the use of the water of the said stream, to which the company was not a party, and that, if said company has any right to use said water, it has been acquired subsequent to said decrees; next, that C. S., sec. 7036, provides an exclusive remedy for the determination of rights to the use of water acquired subsequent to such a decree. The district court sustained a demurrer interposed by the company to this answer. Upon application of petitioners setting up the above facts, and claiming the district

court is proceeding in excess of its jurisdiction, an alternative writ of prohibition issued. Defendants demur to petitioners' application.

The question raised is whether the statutory provision (C. S., sec. 7036), for a supplementary adjudication of water rights subsequently acquired, excludes the right of the company to bring an action to quiet title under sec. 6961, or is merely cumulative.

The district court has original jurisdiction in all cases, both at law and in equity. (Const., art. 5, sec. 20.) "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government." (Const., art. 5, sec. 13.) One has a right to invoke the jurisdiction of the courts to protect his right to the use of water for irrigation purposes, and to secure an adjudication of the priority of his right as against the rights of others. Such an action would exist independent of statute. (*Farm Inv. Co. v. Carpenter*, 9 Wyo. 110, 87 Am. St. 918, 61 Pac. 258, at 269, 50 L. R. A. 747; *Farmers' Union Ditch Co. v. Rio Grande Canal Co.*, 37 Colo. 512, 86 Pac. 1042.) However, the action to ascertain, determine and decree the extent and priority of a right to the use of water partakes of the nature of an action to quiet title to real estate as provided by sec. 6961. (*Taylor v. Hulett*, 15 Ida. 265, 97 Pac. 37, 9 L. R. A., N. S., 535.) It is this character of action that the Blaine County Investment Company has instituted in the district court.

C. S., sec. 7036, provides for a summary supplemental adjudication of water rights where priority rights upon a stream have been determined by a decree, and thereafter it appears that any person having a right to use the water was not included in the decree as a party thereto, or that any person has subsequently acquired a right to its use. One bringing such action must accept, as binding upon him, the former decree. The action is brought against the watermaster or the Department of Reclamation. The right estab-

lished by the decree shall not be deemed adjudicated, but *prima facie* merely, and may be attacked by suit brought in a court of competent jurisdiction, at any time, by any person deeming himself aggrieved thereby. The petitioners claim that the remedy furnished by this statute is exclusive and the only one open to the Blaine County Investment Company. A special statutory remedy is not exclusive unless such intent is clearly manifested. (*Jaffe v. Fidelity etc. Co.*, 7 Ala. App. 206, 60 So. 966.) If a statute creates a remedy for the protection of a pre-existing right, which is entirely adequate, it may be exclusive, if so provided. If a statute creates a new remedy for a previously existing right, it is held to be merely cumulative, unless the contrary intention clearly appears. It cannot be otherwise than cumulative, if it is not entirely adequate for the protection of the previously existing right. (1 C. J., sec. 101, p. 988 et seq.; 1 R. C. L., Actions, sec. 9, p. 323; *Van Buskirk v. Red Buttes etc. Co.*, 24 Wyo. 183, 156 Pac. 1122, 160 Pac. 387.) Sec. 7036 did not create any new right to the use of water. That right existed before. Nor did it for the first time create a remedy for the protection of such a right. An adequate remedy existed. It created a new remedy of a very narrow and restricted nature. The action is brought, not against other water users, but against the administrative officers who distribute it. The decree does not adjudicate any right, It simply gives a *prima facie* right to the delivery of so much water. It may be attacked by suit brought in a court of competent jurisdiction at any time by any aggrieved party. There is no language used in the statute expressly providing that the remedy shall be exclusive. The party invoking the remedy is forced to admit the binding force of a decree to which he was not a party. All these facts make it appear that the legislature did not intend the remedy should be exclusive, did not intend to take away from a water user an adequate remedy and substitute this inadequate one; but merely intended that, as a cumulative remedy, one who was a stranger to the decree or any subsequent ap-

propriator might, if satisfied with the earlier decree, accept its terms, and avail himself of a summary and inexpensive remedy to establish his *prima facie* right. These considerations far outweigh the fact that sec. 7036 refers to the former decree as fixing the permanent rights in the said stream. That language undoubtedly means permanent between the parties to the decree or permanent in effect as distinguished from the *prima facie* effect of the remedy provided by that section. Petitioners argue that, since sec. 6961 is a general statute and sec. 7036 is a specific statute, the latter governs. It does, so far as its subject matter goes, but it does not pretend to cover the scope of sec. 6961. We conclude that the legislature did not intend the remedy provided by sec. 7036 to be an exclusive remedy for parties in the situation of the Blaine County Investment Company.

If the remedy provided by sec. 7036 were intended to be exclusive, the section would be clearly unconstitutional. No person may be deprived of his property without due process of law. (Const., I, 13.) Due process of law requires that one be heard before his rights are adjudged. (Cooley's Const. Lim., p. 506.) Except for that limited class of actions which are strictly *in rem*, a decree is not, and cannot be made, conclusive, as to parties who are strangers to it. (15 R. C. L., Judgments, sec. 481, p. 1006; 12 C. J., Const. Law, sec. 1003, p. 1227; *Ray v. Norseworthy*, 23 Wall. (U. S.) 128, 23 L. ed. 116; *In re Sharp*, 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886.) The same principle applies to decrees rendered in proceedings to adjudicate rights to the use of water, they not being strictly *in rem*. (*Stocker v. Kirtley*, 6 Ida. 795, 59 Pac. 891; *Josslyn v. Daly*, 15 Ida. 137, at 146, 96 Pac. 568; *Frost v. Idaho Irr. Co.*, 19 Ida. 372, 114 Pac. 38; *Lambrix v. Frazier*, 31 Ida. 382, 171 Pac. 1134; 2 Wiel, Water Rights, 3d ed., sec. 1233, p. 1137.) The contention that one's rights can be affected by a decree to which he was a stranger is repugnant to a fundamental principle of our jurisprudence, that no one will be judged until he has had a hearing. The operation of this principle cannot be

defeated by the mere fact that it will put other parties to some added trouble or expense.

The authorities cited by petitioner do not bear out the contention that the legislature may give such decrees binding force as against strangers. In *Farm Inc. Co. v. Carpenter, supra,* it was held that an order of the board of control, an administrative body with power to decide priorities, was not binding on one who was a stranger to it. The question as to whether a proceeding could be provided by statute, strictly *in rem,* by which the rights of every existing claimant could be adjudicated, discussed, but not decided in that case, is not before us for decision. There is no such statutory proceeding in this state. The decrees which petitioner relies on as a bar were ordinary decrees, obtained in the ordinary priority suit. In *Farmers' Union Ditch Co. v. Rio Grande Canal Co., supra,* and in *Broad Run Inv. Co. v. Deuel etc. Co.,* 47 Colo. 573, 108 Pac. 755, water decrees had been obtained in a statutory proceeding, which provided for an adjudication of the rights of all existing claimants, upon service of process as directed by the statute. (Mills Ann. Stats. of Colorado, vol. 1, secs. 2399–2408.) In the first-named case it was held that, on collateral attack, by a party who claimed a right to use the water, and did not appear in the original proceedings, it was presumed that proper notice had been given. If we had such a statutory proceeding, if the method of service provided by it constituted due process, and if the decrees relied on by petitioners were obtained in such a proceeding, the question would be far different. Such are not the facts.

The defendants' demurrer to plaintiffs' application is sustained, and the alternative writ of prohibition is quashed. Costs awarded to defendants.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

Petition for rehearing denied.