No. 7142. June 26, 1944.)

REYNOLDS IRRIGATION DISTRICT, a quasi-municipal corporation of Owyhee County, State of Idaho, Respon-dent, v. ELLEN T. SPROAT and HUGH SPROAT, her husband, Appellants, and OSCAR C. SIMPSON and ELIZABETH SIMPSON, his wife, Defendants.

(151 P. (2d) 773.)

Rehearing Denied October 2, 1944.

E. G. Elliott and Lawrence B. Quinn for appellants.

Smith & Ewing for respondent.

AILSHIE, J.—This is an action by respondent for injunction "to restrain the defendants and each of them, their agents, servants and employees, from diverting any water from Warm Springs Creek or its tributaries, or asserting any claim thereto or from any interference therewith, or in any manner prejudicing the decreed right of the Plaintiff."

The time allowed by statute for answer having expired, and no appearance having been made by the Simpsons, their default was entered. Oral and documentary evidence was introduced in support of the allegations of the complaint and judgment was entered against the Simpsons. The appellants, Sproat and wife, demurred to the complaint and their demurrer was overruled. They thereupon answered and the case went to trial, and testimony was introduced by engineers, the reclamation officers, directors of the respondent irrigation district and landowners and water users of the district; and also maps were introduced, showing the location of the boundaries of the irrigation

district of the Boise-Kuna System at the various points of diversion and various drains and ditches in the district. The court made findings of fact and conclusions of law and entered judgment and decree in favor of the respondent. Among other things, the court found:

"(4) That the waters of Warm Springs Creek were decreed by a court of competent jurisdiction, said decree being dated September 17, 1934, and that by the terms of said decree the plaintiff was decreed the right to divert and use, eight (8) cubic feet of water of Warm Springs Creek with priority of April 1, 1934; that plaintiff, by assignment, is entitled to divert and use 23.56 cubic feet of water of Warm Springs Creek with priority of March 8, 1929.

(5) That during each of the years since the water was so decreed, the plaintiff district has diverted and used in the irrigation of the lands within said district all of the water available to said district under said decree and license rights."

The decree referred to in the foregoing findings was entered in the case of *Bachman v. Reynolds Irr. Dist.*, 56 Ida. 507, 55 P. (2d) 1314. The Simpsons were parties to that action, as will hereinafter appear, but the appellants in the present action (Sproat and wife) were not parties to the Bachman case.

Judgment was entered, decreeing:

"That the defendants Ellen T. Sproat and Hugh Sproat, and each of them, their agents, servants and employees are hereby perpetually enjoined and restrained from diverting any water from Warm Springs Creek or its tributarys or asserting any claim to the waters of the Boise Kuna Drain System or interfering in any manner, thereon prejudicing the decreed rights of the plaintiff."

From this judgment, the defendants, Sproat and wife, have appealed.

Numerous errors are assigned but, as we view the record, it will only be necessary to consider the first assignment, namely, that the court erred in overruling appellants' demurrer to the complaint.

In the first place, it is contended that the demurrer should have been sustained on account of the failure of the plaintiff to allege that it had complied with the requirements of sec. 7, art. 11 of the constitution of Idaho,

in that it did not plead that it had filed with the secretary of state "an acceptance of the provisions of this constitution."

We do not think the provisions of sec. 7 of art. 11 of the constitution, requiring corporations existing at the time of the adoption of the constitution to file acceptance of the provisions of the constitution, apply to irrigation districts. In fact we had no such corporation as an *irrigation district* when the constitution was adopted. The territorial statutory *water district* (R. S. 1887, sec. 3200) was a voluntary association of water users and evidently was not thought of as a corporation by the framers of the constitution. Furthermore, respondent district was not organized until June 7, 1930—long after the adoption of the constitution. (Plaintiff's exhibit E.)

 It is apparent, from the memorandum furnished by the court, in ruling on the motion for nonsuit, and the findings subsequently made, that the court accepted the contention of counsel, that the Sproats were bound by "the decreed water rights of the plaintiff" in the Bachman case, supra, adjudicating the waters of the springs and streams in question. It is true that the decree was final and conclusive as to the rights of all parties and privies to the action in the Bachman case. There is nothing, however, in the record, indicating that the Sproats were ever parties to the original action or privies to any person or persons who were parties to that action. It is an elementary principle of justice that, in order to bind a party by a judgment, he must have his day in court and his opportunity to present his case. (*Frost v. Idaho Irr. Co., Ltd.,* 19 Ida. 372, 114 P. 38; *Bear Lake County v. Budge,* 9 Ida. 703, 75 P. 614; *Stocker v. Kirtley,* 6 Ida. 795, 799, 59 P. 891. See, also, *Carrington v. Crandall,* 65 Ida. 525, 147 P. (2d) 1009, 1012.)

In *Mays v. District Court,* 34 Ida. 200, at 207, 208, 200 P. 115, this court said:

"The contention that one's rights can be affected by a decree to which he was a stranger is repugnant to a fundamental principle of our jurisprudence, that no one will be judged until he has had a hearing. The operation of this principle cannot be defeated by the mere fact that it will put other parties to some added trouble or expense." (*Idaho Irr. Co. v. Dill,* 25 Ida. 711, at 720, 139 P. 714; *Simon v.*

*Craft,* 182 U. S. 427, 45 L. ed. 1165; *Postal Tel.-Cable Co. v. City of Newport,* 247 U. S. 464, 62 L. ed. 1215, 1221.)

■ It is also true that "a water decree is a muniment of title." Such muniment of title, however, is evidence only against parties to the action in which the decree was entered. It does not prove or tend to prove title as against a stranger to the action.

Paragraph VI of the complaint purports to describe plaintiff's ownership and water right as follows:

"Plaintiff owner of decreed water right.—The plaintiff is the owner of a certain right in the waters of Warm Springs Creek, a natural water course (being a tributary of Snake River) in Canyon County, State of Idaho, which water right is more particularly described as follows:

"The right to divert from said Warm Springs Creek for irrigation and domestic use,.with priority of April 1, 1934, 8 cubic feet per second (being designated in the decree hereinafter referred to as 'Right No. 4,' to be diverted from Warm Springs Creek through the Reynolds Irrigation District ditch in the Southwest Quarter of the Northwest Quarter of the Northwest Quarter of Section 10, Township 1 South, Range 2 West, B. M., for use upon the lands of said Reynolds Irrigation District, aggregating 1,656.37 acres located in Sections 6, 18, 19, 20, 28 and 29, all in Township 1 South, Range 2 West, B. M., and in sections 11, 12 and 13, all in Township 1 South, Range 3 West, B. M., in Owyhee County, Idaho.

"The said water right was decreed to plaintiff district in that certain suit in the above entitled court entitled *Fred Bachman, Fred L. Bachman, Ray Kennison, Thomas McMillan, Oscar C. Simpson,* Plaintiffs, *v. Reynolds Irrigation District,* an irrigation District corporation; *the Federal Land Bank of Spokane,* a corporation; *John E. Keith* and *Blanche Keith,* his wife; *C. C. Todd* and *Bessie Todd,* his wife, Defendants, the decree wherein was entered September 17, 1934. As to the water right above pleaded, the said decree was on appeal thereafter affirmed by the Supreme Court of the State of Idaho."

■ The only allegation in the complaint, purporting to bind appellants by the decree, is as follows:

"The defendant, H. Sproat, had knowledge of the pendancy of said suit, being a witness therein, and the defend-

ant herein, Oscar C. Simpson [subsequently dismissed as a party to this action] was a party plaintiff in said suit."

It needs no argument or citation of authorities, to demonstate that a mere witness in a case is not bound by the judgment therein entered unless he was a party to the action.

The demurrer to the complaint should have been sustained, with leave to plaintiff to amend its complaint so as to plead, if it can, a decree binding against appellants, or superior or better right than any right claimed by defendants.

It may be that the plaintiff can establish a right prior and superior to that of the Sproats; and that they are diverting and taking water from plaintiff's source of supply. On the other hand, it may appear from the proofs, that the Sproats have a prior, superior or otherwise better right than any right asserted by the plaintiffs. (See *Mays v. District Court,* supra, at page 207.)

The judgment is reversed and the cause is remanded, with directions to sustain the demurrer to the complaint and grant the plaintiff leave to file an amended complaint. Costs awarded to appellants.

Holden, C. J., Budge and Givens, JJ., and Porter, D. J., concur.