(No. 7089.   October 5, 1945.)

OWSLEY CANAL COMPANY, Appellant, v. ELVIN W. HENNINGER, as Watermaster of Water District No. 66; INDEPENDENT WATER USERS OF MUD LAKE, a corporation; HOLLEY WATER USERS ASSOCIATION, a corporation; FRANK S. JACKETT, BESSIE M. JACKETT, SAMUEL W. LUNDHOLM, MERRITT M. OWSLEY, ERNEST BAUERLE, R. P. COPE, NICK BURGGRAF, and BESSIE HUTCHISON, Respondents.

[162 Pac. (2d) 389.]

486

Edwin Snow for appellant.

Ralph L. Albaugh and Oscar A. Johannesen for respondents.

GIVENS, J.—Mud Lake, a natural body of water in Jefferson County, is partly supplied by Camas and Beaver Creeks and Ray's, Deadline, and Sandhole Lakes. Appropriations therefrom and from nearby North and Spring Lakes, not tributaries of Mud Lake, for irrigation purposes were decreed as to amount and priorities by the Federal District Court, November 1, 1930, in *Sauve v. Abbott and others*, Eastern Division No. 635. Specific and detailed provisions were set forth for the determination of the amount of water seasonally and progressively available and methods of measurement and apportionment thereof. Appellant, a Carey Act operating company, was therein awarded some 255 c.f.s under five different priorities. Respondents, among others, were likewise awarded various amounts and priorities.

After the above decree was made, to secure needed additional water, appellant or its predecssors bored three wells, one near Camas Creek for 50 s.f. of water, conveyed thence through Mud Lake to its previous point of diversion therefrom, under state permit number 17640, with priority therein dated January 8, 1932; a second well for 40 s.f., adjacent to North Lake, under state permit number 17262, with priority dated January 25, 1930, such water being similarly conveyed; likewise, a third well for 80 s.f. near Camas Creek, under state permit number 18378, with priority dated June 26, 1936.

Questions arising as to whether any of these waters were tributary to or independent of Mud Lake, a suit was brought in the state district court, Jefferson County, Civil No. 1739, April 10, 1935, by appellant against Ernest Bauerle and others, in which it was determined that the flow under permits 17640 and 18378 between November 1 and May 1 was tributary to Mud Lake and therefore during

that season of the year not newly developed water, and that appellant was not entitled to the same over and above its decreed priorities of Mud Lake water, but that appellant was entitled to the flow of these wells between May 1 and November 1, and entitled to all of the flow under permit 17262 as not tributary to Mud Lake, and that as between the parties to the state suit there was no inter-well interference. Thus the court determined, inferentially at least, that two of appellant's wells had always been, as to the semi-annual flow therefrom, potentially tributary to Mud Lake. The respective amounts and character of these appropriations were thus determined in the state court, but priorities were not in issue or established. All of appellant's water from these wells thus is carried into Mud Lake, mingled with the natural and augmented water therein, and diverted at its place of diversion therefrom.

The present action was instituted by appellant under section 41-1305, I.C.A.[1] to judicially fix appellant's priorities in the water of these wells, thereby entitling it to vote in the administration of the affairs of water district number 66, which embraces the distribution of water from Mud, Spring, and North Lakes, appellant apparently not being

---

[1]"41-1305. SUMMARY SUPPLEMENTAL ADJUDICATION OF WATER RIGHTS.—Where the priority rights upon any stream, canal or reservoir in this state shall have been determined by decree of any court of competent jurisdiction, and thereafter it shall appear that any person or corporation having the right to the use of any part of said water was not included in said decree as a party thereto, and said right was not determined thereby, or that any person who subsequent thereto has acquired any right to the use of such waters, any such person or corporation may have such right adjudicated in the following manner:

He may bring an action in the district court of the county wherein such decree was entered against the watermaster having charge of the distribution of the water of said stream, canal or reservoir in which said party claims an interest, or if there be no watermaster thereof, then against the department of reclamation; that the said party shall in his complaint, set out his own right as he is now required to do in cases involving the right of priority of use of water, and he shall further set forth his acceptance as binding upon him of the said decree and the findings of fact and conclusions of law upon which it is based. Thereupon summons shall issue out of said court in said cause and be served upon said

permitted, under section 41-505, I.C.A., to vote on the basis of its well water.

Respondents intervened under the permissive terms of section 41-1305, supra, and demurred to the complaint on the ground that the court did not have jurisdiction under said section; defect of parties in that all water users from Mud Lake were not joined; that the complaint did not state facts sufficient to constitute a cause of action; and previous adjudication.

The last ground is obviously not tenable because priorities have not heretofore been fixed, and respondents must be held to have so acknowledged in asserting appellant was remiss in not having the same done in the state suit.

The other three grounds of demurrer involve this summarized question: Does section 41-1305, I.C.A., confer jurisdiction to determine the priority of appellant's water rights, part of which are from sources not naturally tributary to Mud Lake and all of which have been acquired since the rendition of the federal decree? In other words, may this action be presecuted under this section of the statute or must it be brought under section 9-401, I.C.A., making all water users parties? Respondents contend, and the

defendant. That the plaintiff in said action shall cause to be published once a week for not less than three weeks a notice of the pendency and purpose of said action in such newspaper or newspapers as the judge of said district court may order, which notice shall contain the title of the court and the cause, the name of the stream, canal or reservoir in the waters of which said plaintiff claims an interest, the date of priority claimed by him and the date and short title (being usually the name of the first plaintiff and the first defendant) of the decree theretofore entered, fixing the permanent rights in said stream, canal or reservoir. That after the expiration of the time fixed by said order, said cause may be brought on for hearing in open court, and any party interested may appear and defend against said right. The court by its decree in said action shall determine the rights of said plaintiff in accordance with the proof submitted but subject to the terms of the original decree hereinbefore referred to: provided, that the right thus established shall not be deemed adjudicated, but prima facie merely, and may be attacked by suit brought in a court of competent jurisdiction at any time by any person deeming himself aggrieved thereby. The court shall charge all costs arising under said action to the party

trial court adopted their view, that section 41-1305, supra, encompasses only water originally and naturally in the specific stream, canal, or reservoir which has been adjudicated and which had already been appropriated at the time of the previous decree but which was not included therein. Appellant contends to the contrary.

In accordance with the statute appellant accepted and recognized the binding force and effect of both the federal and previous state decrees and obviously asks for no date of priority earlier than that designated in the state permits, all of which are subsequent to the latest priority (1928) in the federal decree, and likewise asks only the amount of water designated in the permits.

As to permit 17262, the water, while originally not tributary to Mud Lake, being carried into and through Mud Lake, must necessarily be and according to the complaint is, together with the water naturally or artificially therein, administered by the watermaster of district number 66.

Obviously section 41-1305, supra, is primarily designed to aid in the administrative distribution of water by the official charged with such duty, since initally he need be the only party defendant. The term "waters" therein is used in the generic sense and therefore includes

bringing the same, unless the defendant personally shall be guilty of mismanagement or bad faith in the action or defense. Whereupon water shall be distributed to him in accordance therewith and in the same manner as though he had had his said right included in said decree. The plaintiff, any party to said original decree, or any person interested, may appeal from the decree entered in the action hereby authorized to be brought, and the statutes governing new trial and appeal and the procedure in connection therewith shall govern so far as applicable: provided, however, if the plaintiff appeals or moves for a new trial, notice thereof and of the date fixed for the settlement of any reporter's transcript, bill of exceptions, or any other matter required to be settled, shall be served by the publication of such notice or notices for three weeks in such newspaper as the judge of said district may by order direct. That the proposed draft of such reporter's transcript, or other matter required to be settled, or bill of exceptions, shall be filed with the clerk of said court and such filing shall be sufficient service thereof. The transcript and briefs upon appeal shall be served as in other civil cases."

all water distributed by the watermaster. Likewise, the statute contemplates that a summary decree may be entered as to the water acquired after the previous decree, stating, "who subsequent thereto has acquired any right to the use of such waters". The word "acquired" would necessarily mean more than acquisition from a previous water owner whose rights had been adjudicated because the purchaser would be bound by the decree as to his predecessor in interest; hence, all appellant's water involved herein is now, for administrative purposes, Mud Lake water and, though in part not originally from sources which naturally feed Mud Lake, not from a distinct or separate watershed, therefore eliminating as inapplicable respondents' supposititious situations as to the adjudication under these statutory proceedings of water from different watersheds. With reference to respondents' strictures upon appellant for not having these priorities adjudicated in the state action, appellant's exculpation, that at the time of that suit these priorities had not sufficiently ripened, is, if excuse be needed, adequate, final proof as to permit 17640 being on September 16, 1937, 17262, March 24, 1941, and 18378, January 15, 1941.

*Mays v. District Court,* 34 Ida. 200, 200 P. 115, held that section 41-1305, supra, did not supersede section 9-401, supra, and was not the exclusive procedure for the determination of priority of appropriations, and insofar as it contained any expression with regard to the construction to be placed on section 41-1305, supra, favors appellant.

"C.S., sec. 7036 (41-1305, I.C.A.), provides for a summary supplemental adjudication of water rights where priority rights upon a stream have been determined by a decree, and thereafter it appears that any person having a right to use the water was not included in the decree as a party thereto, *or that any person has subsequently acquired a right to its use.*" (Emphasis ours.)

The language in *Union Central Life Ins. Co. v. Albrethsen,* 50 Ida. 196, 294, P. 842[2], relied on by respondent was

[2]"The statute does not confer jurisdiction to enter a summary decree adjudicating the right to use water claimed to have been developed and not a part of the natural and public waters of the state. It is a statute conferring special jurisdiction in certain designated cases."

arguendo rather than a controlling declaration and applied to run-off or surface water, and obviously under the repeated holdings of this court as to the right to appropriate subterranean waters could not and does not apply herein.[3]

■ The express provisions of the statute, as pointed out in *Mays v. District Court,* supra, bind no one who is not a party to proceedings thereunder, hence, no other water user not a party hereto can possibly be injured. The interveners have ample opportunity to protect their rights and would be in no better position if a suit had been instituted under section 41-505, supra. If the rights of any water users not parties to this action are germane to respondents' rights respondents are given the same opportunity to present such issues as in any other proceeding.

All the waters within this area adjacent to Mud Lake are in the same watershed and were by the federal decree brought within one administrative unit, and the adjudication sought herein would not only not disturb the harmony of such composite distribution but is necessary and essential since all this water is now distributed from and through Mud Lake.

■ The complaint states a cause of action, and the court has jurisdiction to fix the priorities of appellant's appropriations under these three permits (as well as those of respondents who have wells and whose priorities thereto, if any, have not been heretofore fixed) to be administered in water district number 66.

The judgment is reversed and the cause remanded with instructions to the trial court to overrule the demurrer and permit the respondents to interpose such defenses as they desire and decide accordingly. Costs awarded to appellant.

Ailshie, C. J., Budge, J., Lee, D.J., and McDougall, D.J., concur.

---

[3]*Bower v. Moorman,* 27 Ida. 162, 147 P. 496, Ann. Cas. 1917C, 99; *Hinton v. Little,* 50 Ida. 371, 296 P. 582; *Silkey v. Tiegs,* 51 Ida. 344, 5 P. (2d) 1049; *Noh v. Stoner,* 53 Ida. 651, 26 P. (2d) 1112.